HUGH S. KINMOUTH v. FREDERICK C. BRAEUTIGAM.

Argued December, 1899—Decided June 11, 1900.

1. The provision of the United States Bankrupt act of 1898 for avoiding judgments and liens obtained against an insolvent person within four months prior to the filing of a petition in bankruptcy by or against him, in case he is adjudged a bankrupt, does not apply to the case of a judgment obtained after the filing of the petition.

2. *Quære.* Does not the administering of relief under such provision rest exclusively with the federal court having cognizance of the bankruptcy proceeding?

---

On motion to vacate judgment.

October 29th, 1898, this action was begun.

November 23d, 1898, a petition in voluntary bankruptcy was filed by the defendant.

December 27th, 1898, a money judgment was recovered by the plaintiff against the defendant.

January 12th, 1899, the plaintiff was adjudged a bankrupt.

For the motion, *Edward H. Murphy.*

*Contra, R. Tenbroeck Stout.*

The opinion of the court was delivered by

COLLINS, J. This motion was heard by me, in vacation, under section 295 of the Practice act. It involves the interpretation of the following provisions of the United States Bankrupt act of 1898, viz.:

"Sec. 1. * * * A person against whom a petition has been filed shall include a person who has filed a voluntary petition.

"Sec. 67. *Liens.* * * * (*f*) That all levies, judgments, attachments or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid. And the court may order such conveyance as shall be necessary to carry the purpose of this section into effect; *provided,* that nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment or other lien of a *bona*

*fide* purchaser for value who shall have acquired the same without notice or reasonable cause for inquiry."

It is argued in behalf of the motion that the words "at any time within four months prior to the filing of a petition in bankruptcy" mean at any time after a date that is four months prior to the filing of the petition, even although the lien is obtained subsequent to such filing. I cannot assent to this construction. The words are perfectly plain and have no inclusion of a judgment obtained after the filing of the petition. The way to prevent judgment in a pending action is to stay the suit until the adjudication in bankruptcy and a sufficient time afterward to afford opportunity to obtain and plead a discharge. Possibly, if default be made, the court will, upon a discharge being granted, open the judgment in order to allow it to be pleaded; but it will not vacate a judgment regularly obtained because of the possibility of a subsequent discharge.

It should be added that the avoiding of a judgment under the quoted provision is not matter of right. Judicial discretion is to be invoked and the trustee in bankruptcy has a right to be heard. It may be, further, that the administering of the relief to be accorded is exclusively with the federal court having cognizance of the bankruptcy proceeding, and that that court, not the court in which judgment is rendered, is the one to "deem" the judgment null and void or preserve it for the trustee.

The motion is denied, with costs.