## In re ENGLE.

(District Court, E. D. Pennsylvania. January 12, 1901.)

No. 800.

1. BANKRUPTCY—LIEN OF JUDGMENT—FICTITIOUS DATE.

Though, under the laws of Pennsylvania, where a judgment bond is secured by mortgage, the lien of the judgment when entered is carried back for certain purposes to the date of the recording of the mortgage, such fictitious date will not be assigned to it under the bankruptcy law, where the judgment is entered after commencement of the proceeding in bankruptcy.

2. SAME—JUDGMENT AFTER COMMENCEMENT OF PROCEEDING.

Bankr. Act 1898, § 67f, providing that all judgments obtained against an insolvent within four months prior to filing of petition in bankruptcy against him shall be deemed void if he is adjudged a bankrupt, has no application to judgments entered after the proceeding in bankruptcy has begun.

3. SAME—TITLE OF TRUSTEE.

Under Bankr. Act 1898, § 70, providing that, after the trustee is appointed, the title to the bankrupt's property shall vest in him as of the date of the adjudication, the trustee takes the property free of the lien of a judgment against the bankrupt entered after the adjudication and before the appointment.

In Bankruptcy. Petition to vacate restraining order, and to permit mortgagees to bring suit.

John A. Herman, for creditor.

Frederick M. Ott, for trustee.

J. B. McPHERSON, District Judge. The restraining order was issued to prevent further proceedings upon two executions issued on judgment bonds that had been signed by the bankrupt more than two years before the adjudication, but had not been entered of record until a few days before the appointment of the trustee. The petition was filed and the adjudication entered on November 22d, the bonds were entered and executions issued on December 4th, and the trustee was appointed on December 8th. The bonds accompany and are secured by a mortgage, and it is argued in support of the validity of the executions that the lien of the judgments is carried back by the law of Pennsylvania to the date when the mortgage was recorded, and should, therefore, be considered as if the lien had originated at that time. This may be true for certain purposes, but, under the present circumstances, I must decline to assign a fictitious date to the existence of the lien. It is no doubt true that the bonds are for the same debt that is secured by the mortgage, but the judgments are general judgments, capable of being levied upon any real or personal property belonging to the debtor, as well as upon the property mortgaged, and in all essential respects are like a judgment recovered after trial. Their lien, therefore, must be considered as beginning, if at all, upon the date of entry, and accordingly the first question is whether a judgment entered after adjudication obtains a lien upon the bankrupt's realty. It has been recently decided in St. Cyr v. Daignault (D. C.) 103 Fed. 854, that a judgment by default taken since adjudication is void, and that a permanent stay of proceedings should be granted. I have no doubt that the grant of a permanent stay was right, but, with great respect for the opinion of the learned judge who decided that case, I find myself unable to agree with the reason given therefor. I do not think that clause "f" of section 67 applies to judgments entered after the adjudication. It seems clear to me that this clause refers entirely to judgments and other liens obtained within four months preceding the filing of the petition; and, indeed, I do not find any provision in the act dealing with the lien of judgments entered after the proceeding in bankruptcy has been begun. The reason for this apparent omission may be found in the fact that section 70 expressly provides that, after the trustee has been appointed, the title to the bankrupt's property shall vest in him as of the date of the adjudication; and while it is true that during the interval between the adjudication and the appointment of the trustee the title to the property remains in the bankrupt, it is a title liable to be devested upon the appointment of a trustee, and a title upon which no permanent lien can be acquired. It may have been thought unnecessary, therefore, to pay any attention to what must be an unavailing effort to obtain a lien. A similar view concerning the scope of section 67f has been expressed in the supreme court of New Jersey. Kinmouth v. Braeutigam, 46 Atl. 769. I have been speaking of voluntary bankruptcy merely. In a case of involuntary bankruptcy a question might be presented concerning the lien of a judgment entered after the filing of the petition, but before the entry of adjudication; and this question I have not considered.

It follows, I think, that the judgments now in dispute are not liens upon the property on which a levy has been made, and, accordingly, that the restraining order should be continued. But I am also of opinion that the petitioner should be allowed to proceed upon her mortgage, and obtain judgment thereon, so that, if the court should find it more advantageous to permit her to sell than the trustee, she may be in a position to issue execution. Leave is therefore granted to the petitioner to issue a writ of scire facias upon her mortgage, and to obtain judgment thereon in due course; but no writ of execution may be issued against the mortgaged property without leave of the court. A similar leave is granted to the Harrisburg Trust Company, the second mortgagee.

The application to vacate the restraining order is denied.