PICKENS v. DENT et al.

(Circuit Court of Appeals, Fourth Circuit. February 7, 1901.

No. 382.

1. BANKRUPTCY—JURISDICTION OF DISTRICT COURT—SUIT IN EQUITY.
 A district court of the United States is without jurisdiction of a suit in equity instituted by a bankrupt, pending proceedings in bankruptcy against him, to enjoin the enforcement of a decree of a state court setting aside a conveyance of property by the bankrupt and ordering its sale,

entered in a suit commenced long prior to the filing of the petition in bankruptcy. Such a suit is not within the general jurisdiction of the district court, and no special jurisdiction to entertain it is conferred by the bankruptcy act.

2. SAME—EFFECT OF ADJUDICATION—COMPETENCY OF BANKRUPT TO MAINTAIN SUIT.

A bankrupt cannot maintain a suit in his own name in relation to his property not exempt, pending proceedings in bankruptcy against him, and after the appointment of a trustee therein; the title to such property, and the right to maintain suits in relation thereto, being vested in the trustee.

3. SAME—PENDING SUIT IN STATE COURT—POSSESSION OF PROPERTY.

A judgment creditor instituted a suit in a state court of competent jurisdiction to set aside a conveyance of property by the debtor. Pending such suit, and several years after its commencement, the debtor was adjudged a bankrupt, and thereafter the state court entered a decree setting aside the conveyance and ordering a sale of the property to satisfy the liens established against it. *Held*, that the proceedings in bankruptcy did not devest such court of the jurisdiction it had acquired over the bankrupt and the property, nor warrant a federal court in interfering with the execution of its decree.

Appeal from the District Court of the United States for the District of West Virginia.

John W. Davis (John Bassell and Davis & Davis, on the brief), for appellant.

J. Hop Woods (Edwin Marshall, on the brief), for appellees.

Before GOFF and SIMONTON, Circuit Judges, and PURNELL, District Judge.

GOFF, Circuit Judge. On the 27th day of October, 1899, the appellant filed his petition in bankruptcy in the district court of the United States for the district of West Virginia, and in due time he was adjudged a bankrupt by that court. Prior to his being so adjudged a bankrupt, in the year 1889, a suit in equity had been instituted against him and others by Susan C. Dent in the circuit court of Barbour county, W. Va., the object of which was to set aside as fraudulent a certain deed made by him to trustees, bearing date January 14, 1889, and assailing as fraudulent certain debts therein secured. The creditors of appellant were made parties to said suit, and an amended bill was filed, in which it was alleged that the complainant, Dent, had recovered a judgment at law against appellant for the sum of $10,000, with interest and costs. The prayer of the bill was that the real estate mentioned therein as the property of appellant, being the same as was described and conveyed in the trust deed, might be sold, and the proceeds applied to the payment of said judgment, and in satisfaction of the liens existing on said land. The history of that case, extending, as it does, through years of hard-fought and well-contested litigation in said circuit court, as well as in the supreme court of appeals of West Virginia, while of great interest, is still not essential to the proper understanding and decision of the appeal now to be decided by this court. It is sufficient to say that, at the time of the adjudication of the appellant as a bankrupt, it was still pending in and undisposed of by the circuit court of Barbour county.

After he was adjudged a bankrupt, the appellant, on the 2d day of November, 1899, filed an answer in said chancery cause, in which he set up the proceedings in bankruptcy, and asked that all further action in the state court might be suspended until the district court of the United States had disposed of the proceedings in bankruptcy; and he claimed in his answer that all his estate, rights, and interests of every kind and description had passed from the control of the circuit court of Barbour county and into the jurisdiction of the district court of the United States for the district of West Virginia. On the 18th of November, 1899, a trustee in bankruptcy was duly appointed for appellant's estate, who in February, 1900, presented to such circuit court of Barbour county his petition, asking that said · cause be proceeded with to final decree. Thereafter, on the 23d of February, 1900, the said court rendered a decree in the chancery suit mentioned, by which, among other things, it was ordered that the deed of trust referred to in the bill be set aside as fraudulent, and that a special receiver and commissioner therein named should rent the land described in the bill until a certain date, and then sell the same; the proceeds thereof to be applied to the payment of the debts due by appellant. On the 20th of November, 1899, the complainant in the bill mentioned proved her debt (the judgment referred to) before the referee in bankruptcy as a debt against appellant's estate. The receiver and commissioner so appointed was proceeding to execute the decree of the circuit court of Barbour county when the appellant filed his bill in the district court of the United States for the district of West Virginia, in which the facts relating to said suit and to the proceedings in bankruptcy were fully set forth, and the claim was made that the state court, on the filing of the appellant's answer setting up his adjudication in bankruptcy, should have taken no further action in said cause, and that, therefore, the decree appointing the receiver and commissioner to rent and to sell the real estate mentioned was without authority of law and void. The prayer was that all further proceedings in the suit so pending in Barbour county be inhibited, and that the receiver and commissioner be enjoined from executing said decree, during the pendency of the proceedings in bankruptcy, and that the possession and control of the property so decreed to be rented and sold be turned over to the trustee in bankruptcy; the same to be administered by him as assets of the bankrupt. On March 31, 1900, the injunction so asked for was granted by the district judge, but was by him dissolved on the 26th day of July, 1900. At the same time appellant's bill was dismissed, and costs were awarded against him. From the order dissolving the injunction and dismissing the bill the appeal we are now considering was sued out.

The errors assigned are that "it was error to hold that the district court had not jurisdiction of the matters alleged in the appellant's bill of complaint," and that "it was error to dismiss the complainant's bill, and not grant the relief prayed for, for the reason that the matters therein were of equitable cognizance and entitled the complainant to the relief asked for."

Unless the bankrupt act of 1898 specially authorized the appellant to file his bill in the district court in connection with the proceedings therein pending relating to his adjudication of bankruptcy, that court had no authority to entertain it; for it is well determined that the district courts of the United States have no jurisdiction of suits at law or in equity between private parties, except where by special provision of an act of congress such courts are given authority to hear and decide a particular class of suits. That act gives no such jurisdiction. Nor do we find that said bankrupt act gave the bankrupt the right to sue in his own name after he had been adjudicated a bankrupt. His trustee then represented him, and it was the duty of that officer, under the directions of the court, to enter his appearance in any pending suit against the bankrupt, in either a state or federal court, and defend the same, or to prosecute, with the approval of the court, any suit commenced prior to his adjudication. Among the duties imposed by the act on the trustee are those of collecting and reducing to money the property of the estate he represents, and in order that he may do so he is vested by operation of law with the title of the bankrupt, as of the day he was adjudged a bankrupt, in all his property, excepting that exempt by law from execution and liability for debts, and including property transferred by him in fraud of his creditors. But the trustee himself could only sue concerning the property of the bankrupt in such courts as the bankrupt could have sued in had proceedings in bankruptcy not have been instituted. The appellant's trustee could not have sued the defendants below in the district court of the United States for the district of West Virginia, concerning the property of the bankrupt he represented, unless with the consent of said defendants; and it is, we think, quite clear that the bankrupt himself had no standing in that court. Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175.

Had the trustee, in the discharge of his duty to the creditors of appellant, found it proper to have taken action looking to the annulment of the decree directing the sale of the bankrupt's property, or the prevention of the sale thereunder, he would have been compelled, under the statute as it now is, to have sought the aid of the circuit court of Barbour county, within the jurisdiction of which the land is situated and the bankrupt is a resident. The evident intention of congress was not to deprive the courts of the states of the jurisdiction they had, previous to the enactment of the bankruptcy law, over the property of those adjudicated bankrupts; and, this being so apparent, we will not be justified in holding that impliedly a jurisdiction exists in favor of the bankrupt, so far as the district courts of the United States are concerned, that did not exist previous to the passage of said law. If jurisdiction is claimed on account of the subject-matter of the suit, and because of the questions of equitable cognizance embraced therein, and not as ancillary to the bankruptcy proceedings, then the suit should have been instituted in the circuit court of the United States; due regard having been given to the citizenship of the parties.

But, independent of this, the order dissolving the injunction and dismissing the bill was proper for other reasons. Conceding the

jurisdiction of the court below, so far as the parties to the suit are concerned, nevertheless it is clearly shown by the record that the circuit court of Barbour county, W. Va., had at the time of appellant's adjudication of bankruptcy full and complete jurisdiction of and control over the property of the bankrupt as described in his said bill. Both the bankrupt and his property now in controversy were then, and had been for years theretofore, rightfully before that court, subject to its jurisdiction, and bound by its decrees. The institution of the proceedings in bankruptcy did not devest that court of its jurisdiction over appellant and his property; and it was clearly not only the right, but the duty, of that court to proceed to final decree in said cause, even if it was advised of the fact that the district court of the United States for the district of West Virginia had adjudicated one of the defendants thereto to be a bankrupt. Since the case of Taylor v. Carryl, 20 How. 583, 15 L. Ed. 1028, the course to be pursued has been well defined in cases in which there is a conflict as to jurisdiction between the state and the federal courts. Briefly stated the rule is this: Considering the peculiar character of our government, and keeping in view the forbearance which courts of co-ordinate jurisdiction exercise towards each other, it follows that the court which first obtains rightful jurisdiction over the subject-matter of a controversy must by all other courts be permitted to proceed therein to final judgment. The federal courts will not interfere with the administration of affairs lawfully in the custody and jurisdiction of a state court, nor will they permit the courts of the states to interfere concerning litigation rightfully submitted to the decision of the courts of the United States. The bankrupt act of 1898 does not in the least modify this rule, but with unusual carefulness guards it in all of its detail, provided the suit pending in the state court was instituted more than four months before the district court of the United States had adjudicated the bankruptcy of the party entitled to or interested in the subject-matter of such controversy. This court recently, in disposing of the case of Frazier v. Trust Co., 40 C. C. A. 76, 99 Fed. 707, had occasion to consider and pass upon some of the questions involved in this appeal, and we now refer to the opinion then announced as applicable to the facts shown to exist in this cause.

It follows from what we have said that we are of the opinion that appellant's assignments of error are without merit. If there is error in the decree of the circuit court of Barbour county, as is charged in appellant's bill, the remedy is by appeal to the supreme court of appeals of West Virginia, and not by intervention in the bankruptcy proceedings. The fact that one of the creditors of the appellant, whose debt had been allowed by the decree of the circuit court of Barbour county, had prior to such allowance proved said debt in the bankruptcy proceedings pending in the court below, did not operate to deprive the state court of its jurisdiction over the controversy as to which it had for years exercised control. We find no error in the decree appealed from, and it is affirmed.