### In re BEAVER COAL CO.

#### (District Court, D. Oregon. August 7, 1901.)

#### No. 309.

**BANKRUPTCY—LIEN OF ATTACHMENT.**

> Bankr. Act 1898, § 67f, providing that "all levies, judgments, attachments, or other liens" obtained through legal proceedings against an insolvent, within four months prior to filing of petition in bankruptcy against him, shall be void if he is adjudged a bankrupt, does not render void the lien of an attachment in action at law, though dependent for enforcement on a judgment obtained within such four months; the attachment having been served prior to such time.

In Bankruptcy. Review of decision of referee on petition of A. H. Kerr.

W. D. Fenton and Bauer & Greene, for petitioner.
Cotton, Teal & Minor, for trustee.

BELLINGER, District Judge. Heretofore this matter came on for hearing upon an application in behalf of the sheriff of Coos county for an allowance and payment as a priority of a claim for $769.99, being the costs and expenses incurred in attachment proceedings begun more than four months prior to the filing of the petition in bankruptcy. This claim was urged upon the ground that because, under the state assignment law, such costs and expenses have priority, the claim is within subdivision 5 of section 64 of the bankruptcy act, which gives priority of payment to debts owing to any person who by the laws of the states or the United States is entitled to priority. Priority was also claimed as a matter of equity and good conscience, and finally, because the writ of attachment in question was levied more than four months prior to the filing of the petition in bankruptcy. The petition was denied upon the consideration given to the provision of the state assignment law providing for distribution among creditors of insolvent estates "after the payment of the costs and disbursements in the attachment proceedings," and to

the further contention that the services out of which the claim arose were rendered in preserving the estate; these being the points to which the argument on the hearing was mainly, if not wholly, directed. 107 Fed. 98.

In that decision it was assumed that the lien of the attachment was provisional, and ceased with the judgment, and that the latter, having been rendered within four months of the filing of the petition in bankruptcy, was void. The rule adopted is supported by In re Lesser (D. C.) 108 Fed. 201, 5 Am. Bankr. R. 326, where it is held that an attachment served more than four months prior to 'the filing of a voluntary petition in bankruptcy, but which, under the state laws, can be made effective only through a judgment, and a levy or demand thereunder, is discharged where judgment is not obtained until within four months prior to the filing of the petition, since such judgment affects the property, and cannot be made the basis of proceedings to enforce such lien. The law of Connecticut, under which the attachment in question was levied, provides that:

"No estate which has been attached shall be held to respond to the judgment obtained in the suit * * * unless the judgment creditor shall take out an execution and have it levied on the personal estate attached."

The Oregon law of attachment does not require the levy of an execution on the attached property upon the rendition of judgment in the attachment suit. It provides that, if judgment be recovered by the plaintiff, the court shall order and adjudge the attached property sold to satisfy the plaintiff's demand, "and, if execution issue thereon, the sheriff shall apply the property attached by him, or the proceeds thereof (when the property has been sold as perishable), upon the execution," etc. The levy of execution in the one case, and the order of sale in the other, do not, in my opinion, distinguish the two cases, so far as the question of lien is concerned. If the attachment is merely a provisional lien in one case, it is in the other. There is no more title or right of property in one case than in the other. In each case the attachment can only be made effective through the judgment. The same court, in the case of a creditors' suit begun more than four months prior to the filing of a petition in bankruptcy, held that the equitable lien which a creditor acquires in such a case falls with the judgment upon which it depends for enforcement, if such judgment is annulled by the subsequent adjudication in bankruptcy. The court says:

"Such a contingent or equitable lien, it is evident, cannot be superior to the judgment on which it depends to make it effectual, but must stand or fall with the judgment itself. Section 67f, therefore, in declaring that a judgment recovered within four months 'shall be deemed null and void,' etc., necessarily prevents the complainants from acquiring any benefit from the lien, or the fund attached, except through the trustee in bankruptcy pro rata with other creditors." In re Lesser, 100 Fed. 433, 3 Am. Bankr. R. 815.

This case was affirmed in the circuit court of appeals for the Second circuit. 5 Am. Bankr. R. 320.[1] The question as to the effect of an

---

[1] Opinion withdrawn, and case certified to supreme court.

attachment levied more than four months prior to the filing of the petition in bankruptcy is not decided in the appeal, but there is an intimation in the opinion that the lien of such an attachment is not vacated when the judgment in the attachment suit is rendered within the prescribed time. Of the lien or right acquired by the complainant in a creditors' suit, the court says:

"It is sometimes called an inchoate lien, or a contingent lien, but it is not a right in, or a right to hold, a particular article of property. It is not like the lien obtained by the attachment of personal property in an action at law, by virtue of which a sheriff obtains either actual or constructive possession of the property attached; and in such a case the lien is not obtained · by the judgment, but by the attachment, and we are not now prepared to say, if the judgment is rendered within four months after the petition in bankruptcy is filed, that the lien by attachment is vacated."

It is thus seen that the court distinguishes between the inchoate or contingent lien acquired in a creditors' suit and the specific lien of the attachment in an action at law, and is of the opinion that in the latter case the lien is not obtained by the judgment, but by the attachment. The conclusion from this is that the lien of the attachment in such a case is not affected by the fact that the judgment is rendered within four months before the petition in bankruptcy is filed.

The district court for the district of Vermont adopts the view taken by Judge Brown in the case cited. In re Johnson (D. C.) 108 Fed. 373. The Vermont statute, like that of Connecticut, requires the attached property, on the rendition of judgment, to be taken in execution. The court says:

"The lien does not become perfect as a charge upon the property until the recovery of the judgment and the taking in execution. The judgment, and the levy of execution under it, are proceedings that the bankrupt act, as quoted from, expressly declares shall be deemed null and void. Without them, the attaching creditor had no perfect lien. When obtained, they are absolutely null and void. In that condition they are wholly inoperative to perfect what was before an imperfect lien."

On the other hand, it is held in Re Blair (D. C.) 108 Fed. 529, a recent case, that under the Massachusetts statute, where an attachment on mesne process is enforceable only by obtaining judgment and issuing execution therein, the attachment is not discharged by the filing of a petition in bankruptcy against the defendant more than four months after such attachment was levied, although the judgment was not obtained until within the four months. The court answers the argument in Re Lesser that an attachment does not create a true lien by referring to the fact that section 67f declares in substance that an attachment is a lien, and that, if the attachment is levied more than four months before the filing of the petition in bankruptcy, the lien created by the attachment is preserved.

The case of Frazier v. Trust Co., 40 C. C. A. 76, 99 Fed. 707, is to the same effect. The decision is by the circuit court of appeals for the Fourth circuit. A receiver had been appointed in a creditors' suit, who did not take actual possession of the property in question. More than four months thereafter the debtor was adjudged a bankrupt. A decree in the creditors' suit was subsequently entered, estab-

lishing the liens of the plaintiffs on the property affected. The court held that by the order appointing a receiver the state court took the subject-matter of the litigation out of the hands of the parties and into its own hands, and that the adjudication in bankruptcy more than four months thereafter did not affect the custody so taken. The same court, in the recent case of Pickens v. Dent, 45 C. C. A. 522, 106 Fed. 653, applied the doctrine of the case last cited to a case where a creditors' suit to set aside a conveyance as fraudulent was begun several years before the adjudication in bankruptcy. There was no receiver, but the jurisdiction otherwise acquired in the creditors' suit was such that the federal court was not warranted in interfering with it. To the same effect are the cases of Taylor v. Taylor, 45 Atl. 440, 4 Am. Bankr. R. 211 (New Jersey chancery); Doyle v. Heath, 47 Atl. 213, 4 Am. Bankr. R. 705 (supreme court of Rhode Island); In re Pease, 4 Am. Bankr. R. 547 (United States district court for the Northern district of New York). In the last of these cases the decision by Referee Hotchkiss holds that under section 67f the lien of the judgment is annulled, but the judgment is not avoided. Particular attention is called to the statement, in subdivision "f," "that all levies, judgments, attachments, or other liens," etc., shall be deemed null and void, and to the fact that judgments rendered after the filing of the petition are provable debts. The object of this provision is to avoid preferences; hence the avoidance of liens, and not otherwise of judgments.

The preponderance of authority is against the rule heretofore adopted in this case, and an examination of the bankruptcy act convinces me that such rule is contrary to the intent of the law. The phrase "or other liens" in section 67f makes it clear that the word "judgments" is used solely with reference to liens created thereby. The lien, not the judgment, is the thing prescribed; and that the lien of attachments is without reference to the time when the judgment is rendered in the attachment suit is shown in the fact that the operation of the provision in question as to attachments by its terms affects only such attachments as are levied within four months of the filing of the petition in bankruptcy,—a matter wholly immaterial, if the judgment rendered within such period is annulled, and with it the lien of any attachment theretofore levied.