### DAVIS v. JEWETT BROS. & JEWETT

1.  The word "judgment" in Bankr. Act July 1, 1898, c. 541, § 67f. 30 Stat. 565 (U. S. Comp. St. 1901, p 3450), providing that all levies, judgments, attachements, or other liens obtained through legal proceedings against an insolvent, within four months prior to filing of petition in bankruptcy against him shall be void if he is adjudged a bankrupt, refers only to the lien of the judgment, the judgment remaining an assignable claim against the estate; and the judgment creditor having assigned the judgment, and his assignée having had execution issued thereon and goods of the insolvent levied on and sold thereunder, the proceeds being applied to satisfaction of the judgment, the judgment creditor is not liable on account thereof to the trustee in bankruptcy thereafter appointed.

(Opinion filed Nov. 11, 1903.)

Appeal from circuit court, Minnehaha county. Hon. JOSEPH W. JONES, Judge.

Action by Joseph C. Davis, trustee of the estate of Matous

Novotny, bankrupt, against Jewett Bros. & Jewett, a corporation.   Judgment for defendant.   Plaintiff appeals.   Affirmed.
   *Davis, Lyon & Gates* and *Shull & Farnsworth* for appellant.
   *Joe Kirby* for respondent.

· FULLER, J.   The defendant corporation obtained judgment against Matous Novotny within four months immediately preceding the filing of a petition for his involuntary bankruptcy, and this action by the chosen trustee in bankruptcy is to recover the value of certain personal property sold on execution at the instance of an assignee of such judgment in satisfaction thereof.   There was a directed verdict for the defendant, and plaintiff appeals from a judgment dismissing his complaint.

Chronologically stated, the fact essential to the only question of law necessary to be determined are these:   On the 26th day of August, 1898, respondent commenced an action aided by attachment against Novotny on a claim of $1,149.55 for goods obtained under false pretenses, and 31 days later obtained judgment for the full amount, together with costs. On the day of its rendition, and before taking any steps by virtue of an execution and the warrant of attachment to satisfy the judgment, the same was sold and assigned for a valuable consideration to a stranger and the assignment was made of record in the manner provided by law.   The following day— September 28, 1898—the assignee of the judgment caused an execution to issue, which recited that the judgment had been thus assigned.   The stock of merchandise attached was levied upon under this execution and sold for $1,620. on the 12th day of October, 1898, and the proceeds thereof were applied

in satisfaction of the judgment. The creditor's petition in bankruptcy was filed against Matous Novotny on the 16th day of December, 1898, and he was adjudged a bankrupt on January 21, 1899, respondent qualifying as trustee on the 9th day of March following.     That portion of the federal bankruptcy act upon which appellent relies provides:     "That all levies, judgments, attachments or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of the petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate."     Act July 1, 1898, c. 541, §67f, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]. That Congress intended to limit its abrogation to levies, attachments and liens created by judgment is clear from the relation in which the expression "or other liens" is employed, and the act does not destroy the judgment itself.     As the statute applies only to liens obtained through legal proceedings, and a judgment in this state does not "affect property." and is not a lien except upon the land of the debtor situated in the county where the judgment is docketed, it follows that the filing of the petition in bankruptcy operated merely to destroy the lien, if one existed, but the judgment was not thereby annulled. The validity of the claim thus litigated and the amount of the indebtedness evidenced by such judgment is not impaired, and

continues to be conclusive upon all parties. In re Beaver Coal Co. (D. C.) 110 Fed. 630; Doyle v. Heath (R. I.) 47 Atl. 213. Consequently, respondent's rights were not lost by the litigation, and in the absence of fraud, collusion, or want of jurisdiction its claim against Novotny stood proved by the judgment. As a demand against the bankrupt estate, it was assignable, and no act of respondent has in any way prejudiced the right of creditors or diminished the value of assets to the possession of which the trustee is entitled. Having in a lawful manner disposed of its claim against Novotny, respondent is in no manner responsible for the fact that there existed no liens, levies, judgments or attachments emanating therefrom when the petition in bankruptcy was filed.

The question not being before us, no opinion is expressed with reference to the liability of respondent's assignee, whose judgment was fully satisfied two months before the petition in bankruptcy was filed.

The judgment appealed from is affirmed.