JOHN M. MORREIRA *v.* LIU OTA, ALSO KNOWN AS LIU ODA, DEFENDANT; SUN LIFE ASSURANCE COMPANY OF CANADA, GARNISHEE.

No. 2156.

SUBMITTED MAY 14, 1934.     DECIDED MARCH 11, 1935.

COKE, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

This is an action of assumpsit with garnishment in aid, begun June 18, 1932. Garnishee filed its original disclosure July 5, 1932. The second amended complaint was filed September 15, 1933. No answer was filed by defendant. On September 28, 1933, the garnishee, the Sun Life Assurance Company of Canada, a corporation, filed its disclosure to the second amended complaint wherein it

averred among other things "that said defendant, Mrs. Liu Oda, is the beneficiary under an insurance policy issued by said garnishee to one Takajiro Oda (now deceased); that there is now payable by said garnishee under said insurance policy to the said Mrs. Liu Oda the sum of one thousand and twelve dollars and twenty cents ($1,012.20); that said garnishee does not know as a matter of law whether said sum is subject to garnishment in these proceedings and hereby submits this disclosure for a proper ruling in the matter; said garnishee also alleges that at the same time it was served with original process in the above entitled cause it was simultaneously served with process in that certain action in the circuit court of the second judicial circuit entitled 'Tam Chow, Plaintiff, vs. Mrs. Riu Ota, also known as Mrs. Liu Oda, Defendant, Sun Life Assurance Company of Canada, Hawaii Branch, Garnishee,' said action being noted on the records and files of said court as Law No. 1247; that said garnishee therefore requests a ruling in reference as to which action has prior lien, if any, upon the aforesaid moneys in the hands of the garnishee. Said garnishee further alleges that this is an exceptional case within the purview and meaning of section 2843, Revised Laws of Hawaii, 1925 (as amended) and that garnishee is therefore entitled in addition to its costs, such reasonable sum as the court may deem reasonable for counsel fees. Wherefore, said garnishee requests that the court make and enter its ruling as to whether or not the aforesaid sum is subject to garnishment in these proceedings and prays that it be duly notified of the decision, judgment and/or ruling of the court in the premises, and said garnishee further requests and prays that the court fix and allow garnishee the sum of $100.00, as reasonable counsel fees, or such other sum as to the court may appear reasonable in the premises, together with costs."

At the hearing October 9, 1933, the defendant gave testimony in which she confessed the truth of all the material allegations of plaintiff's complaint. On October 25, 1933, the court filed its decision in favor of the plaintiff and against the defendant and garnishee and entered judgment in conformity therewith, the last paragraph of which judgment is as follows: "Judgment is further rendered in favor of the plaintiff and against the Sun Life Assurance Company of Canada, a corporation, garnishee herein in the full amount of said judgment, to-wit, $946.41."

On November 14, 1933, the garnishee filed in said cause its application for an order of interpleader directing Shizuichi Mizuha, as trustee in bankruptcy of Riu Ota, to appear and state the nature and particulars of his claim as such trustee to the moneys in the hands of said garnishee as set forth in garnishee's disclosure. Application was also made for an order staying proceedings pending the hearing of said interpleader and for a further order permitting garnishee to pay into court the moneys in its hands as above set forth, less such costs and attorneys' fees as the court might allow garnishee, and directing that pending compliance with the order said garnishee be discharged in said action. Affidavit in support of garnishee's application for an interpleader alleged upon information and belief that since the institution of proceedings in said action of assumpsit the defendant had been duly adjudicated a bankrupt and that Shizuichi Mizuha was the duly appointed trustee in said bankruptcy proceedings and as such trustee was then claiming said money in the hands of said garnishee.

On November 15, 1933, the court entered its order of interpleader in conformity with said application and summons was issued thereupon. On December 8, 1933, in obedience to said order and summons, Shizuichi Mizuha filed his "interplea" in said action of assumpsit wherein

he averred among other things that on the 19th day of July, 1932, the defendant was duly adjudged a voluntary bankrupt, her sole scheduled asset being the proceeds of an insurance policy of one thousand dollars in the Sun Life Assurance Company of Canada, garnishee herein. Trustee therein further averred that the liens of garnishment and judgment are dissolved and avoided under the provisions of section 67 (c) of the United States Bankruptcy Act, wherefore trustee prayed for an order setting aside the judgment of October 25, 1933, as against the garnishee and subrogating the trustee to the rights of the plaintiff as against the garnishee with authority to receipt for said moneys then in the hands of the garnishee or the clerk of the court, as the case might be, and that he be allowed costs and attorneys' fees.

On January 9, 1934, plaintiff filed his motion to strike from the record the interplea of the trustee in bankruptcy on the following grounds, to-wit: "(1) That no evidence of any conflicting claim to monies held by the garnishee herein was ever offered or submitted to this court before plea or final judgment in said cause. (2) That it affirmatively appears from the record in said cause that said pleading of Shizuichi Mizuha entitled 'Interplea of Shizuichi Mizuha, Trustee in Bankruptcy,' was filed after final judgment and termination of said cause. (3) That this court has no jurisdiction to hear or determine said claim of Shizuichi Mizuha, trustee in bankruptcy, on the pleading filed herein."

On March 29, 1934, the foregoing motion to strike was denied and from the order denying said motion to strike the circuit judge allowed an interlocutory bill of exceptions to this court.

In his opening brief plaintiff-appellant says: "Shizuichi Mizuha, in his petition for intervention, alleges that the defendant was adjudicated a bankrupt on the 19th day

of July, 1932, in the United States district court of the Territory of Hawaii, and that she listed as her assets the sum of one thousand dollars due under an insurance policy in the Sun Life Assurance Company of Canada, the garnishee herein, and that the said Shizuichi Mizuha was duly appointed trustee of said bankrupt estate. These facts are admitted by plaintiff." The foregoing admission accomplished the purpose sought to be accomplished by the interpleader—at least to the extent that it establishes as facts which this court may consider the matters thus admitted, from which facts the following necessary legal conclusions are drawn, namely, that the fund thus sought to be impounded has become subject to the provisions of the Federal Bankruptcy Act, that the trustee in bankruptcy has become defendant's successor in interest therein, and that plaintiff has no separate lien thereon either by virtue of the original garnishment or by virtue of the judgment against the garnishee. The original garnishment of June 18, 1932, was obtained less than four months prior to the adjudication in bankruptcy of July 19, 1932, and the lien thereby sought to be created became subject to section 67 (f) of the Bankruptcy Act, which provides in part as follows: "All levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid.

And the court may order such conveyance as shall be necessary to carry the purposes of this section into effect."

Section 67 (f), as above appears, refers specifically to *liens* (see *In re Beaver Coal Co.,* 113 Fed. 889, confirming 110 Fed. 630), and annuls only liens obtained before the filing of the petition.   (See 4 Remington on Bankruptcy, § 1389, p. 19.)   The judgment of October 25, 1933 (approximately fifteen months after the adjudication of bankruptcy), against the garnishee cannot avail the plaintiff herein but for a different reason, namely, that under the provisions of section 70 of the Bankruptcy Act, after the trustee has been appointed, title to the bankrupt's property vests in him as of the date of the adjudication.   (See *In re Engle,* 105 Fed. 893, 894.)   No lien therefore can be legally claimed by the plaintiff upon the bankrupt's property by reason of a judgment against the bankrupt and his debtor, obtained by the plaintiff after the defendant had been adjudged a bankrupt and after a trustee of his estate had been duly appointed in said proceedings.   The fact that the bankrupt has failed to petition for his discharge within the time provided by the statute cannot affect the result above outlined.   In the view above expressed it is immaterial, quoting from plaintiff's exceptions one and two, "that no evidence of any conflicting claim to monies held by the garnishee herein was ever offered or submitted to this court before plea or final judgment in said cause;" or "that it affirmatively appears from the record in said cause that said pleading of Shizuichi Mizuha entitled 'Interplea of Shizuichi Mizuha, Trustee in Bankruptcy,' was filed after final judgment and termination of said cause."

As to exception three the jurisdictional question raised by the plea of the trustee is sufficiently presented by the record and the admission of counsel above referred to to require a ruling by the trial court upon the same.   This view

343

renders unnecessary a discussion of subsidiary questions argued in the briefs of counsel.

The exceptions are overruled and the case is remanded to the circuit court for further proceedings not inconsistent with this opinion.

*E. Vincent* for plaintiff.

*A. E. Jenkins* for trustee in bankruptcy.

*Smith, Wild & Beebe* for the garnishee.