[Civ. No. 399. Third Appellate District.—December 28, 1907.]

## J. J. SIMPSON, Appellant, v. JOHN C. MILLER, Executor, etc., Respondent.

BANKRUPTCY—TITLE OF TRUSTEE—BANKRUPT NOT AUTHORIZED TO SUE. The trustee of the estate of a bankrupt, upon his appointment and qualification, becomes vested, by operation of law, with the title of the bankrupt to all transferable property owned by him, as of the date when he was adjudged a bankrupt. The bankrupt cannot maintain a suit in his own name in relation to his property not ex-

empt pending proceedings in bankruptcy, after the appointment of a trustee.

ID.—TRANSFERABLE INTEREST IN LAND—DEED IN ESCROW—EFFECT AT DEATH OF GRANTOR.—A deed delivered in escrow, beyond the power of the grantor to recall it, with instructions to hold it until his death, and then deliver it to the grantee, vested title immediately in the grantee, which is transferable, and which would pass by operation of law to his trustee in bankruptcy.

ID.—DEED BY GRANTOR TO INNOCENT PURCHASER—TRUST IN PROCEEDS—PLEA IN BAR OF ACTION BY BANKRUPT.—Where the property deeded in escrow, the title to which passed to the trustee, was subsequently conveyed by the grantor to an innocent purchaser without notice of the escrow, the right to enforce a trust against the grantor in the proceeds of sale, or to enforce a claim therefor against his executor, was vested in the trustee, and an action by the bankrupt against such executor upon a rejected claim is not maintainable, and the proceedings in bankruptcy may be pleaded in bar of such action.

ID.—REAL PARTY IN INTEREST—VESTED RIGHTS OF TRUSTEE—DEFENDANT NOT PROTECTED.—The bankrupt, as plaintiff in such action, is not the real party in interest, and if he had recovered judgment and it had been satisfied by the defendant, it would have been no protection to the defendant against the claim of the trustee in whom the title to the land and the claim arising out of such title had already vested. Nor could a judgment that the plaintiff take nothing by the action estop the trustee from bringing his action to enforce his vested interest in the property or claim.

ID.—AMENDMENT OF ANSWER TO PLEAD BANKRUPTCY—CLOSE OF PROOFS—DISCRETION.—Where there had been some evidence as to the bankruptcy, the court had discretion, after the parties had rested their proofs, to allow an amendment of the answer to plead the bankruptcy proceedings in bar of the action.

ID.—REFUSAL TO ALLOW AMENDMENT TO COMPLAINT INCONSISTENT WITH CLAIM PRESENTED.—The court properly refused to allow the plaintiff to amend his complaint by tendering an issue utterly inconsistent with the cause of action presented, and with the claim presented against the estate, which is sued upon.

APPEAL for a judgment of the Superior Court of San Joaquin County. Frank H. Smith, Judge.

A. H. Carpenter, for Appellant.

The cause of action did not accrue until February, 1904, and could not have been available to creditors in May, 1903, and is enforceable at suit of plaintiff, the contract having been fully performed on his part by the improvements made. (3

Am. & Eng. Ency. of Law, 890; *Sample* v. *Flume Co.*, 129 Cal. 223, 61 Pac. 1085.) The plaintiff should have been allowed to amend to conform to proofs. An agreement to make a will is binding and may be enforced. (*Russell* v. *Agar*, 121 Cal. 396, 66 Am. St. Rep. 35, 53 Pac. 926; *McCabe* v. *Healy*, 138 Cal. 81, 70 Pac. 1008; *Owen* v. *McNally*, 113 Cal. 444, 45 Pac. 710.) To deprive plaintiff of both land and improvements was inequitable. (*Powell* v. *Bank of Lemore*, 125 Cal. 468, 58 Pac. 83; *Miller & Lux* v. *Enterprise Canal Co.*, 142 Cal. 208, 100 Am. St. Rep. 115, 75 Pac. 770.) Plaintiff's application to amend should have been granted, as it had no tendency to impair the rights of the defendant. (*Gould* v. *Stafford*, 101 Cal. 32, 35 Pac. 429; *Robertson* v. *Burrell*, 110 Cal. 568, 42 Pac. 1086.) Plaintiff was entitled to prove the resulting trust as a witness notwithstanding defendant's death. (*Myers* v. *Reinstein*, 67 Cal. 89, 7 Pac. 192; *Poulson* v. *Stanley*, 122 Cal. 658, 68 Am. St. Rep. 73, 55 Pac. 605.) Defendant cannot set up the right of a third person who has not intervened, plaintiff being the *prima facie* legal owner of the claim sued upon. (*Giselman* v. *Starr*, 106 Cal. 658, 40 Pac. 8; *Salmon* v. *Hoffman*, 2 Cal. 138, 56 Am. Dec. 322; *Summers* v. *Farish*, 10 Cal. 347.)

E. E. Parlin, and Aylett R. Cotton, for Respondent.

All of the title of plaintiff under the deed in escrow and all causes of action arising thereunder passed to the trustees in bankruptcy by operation of law, and plaintiff had no right of action. (Bankruptcy Law, sec. 70.) There is no error in the record.

CHIPMAN, P. J.—Action to recover the amount alleged to be due from the estate of William Hartman, deceased, on a claim presented to defendant executor and disallowed by him.

By the first cause of action set forth in the complaint it is alleged: That on October 2, 1903, said Hartman received from Edward Hart and Laura Hart $1,280, as the purchase price of certain described land, which then belonged to plaintiff and which had been conveyed to him by said Hartman on July 21, 1896, by grant deed of that date, and which said sum said Hartman received in trust for plaintiff to be delivered

on demand; that no part of the same was paid by said Hartman in his lifetime, and the whole thereof was held by him in his lifetime in trust for plaintiff, and has ever since his death been so held by his executor, the defendant herein; that Hartman died February 8, 1904, and defendant, on February 29, 1904, became and is now the executor of his last will; that demand for the payment of said claim has been made upon said executor and payment thereof has been and still is refused. The claim as presented to the executor is set forth and is for the principal sum of $1,280 and $57.60 interest, the principal sum being "obtained from the sale of real property belonging to and conveyed to said J. J. Simpson (plaintiff) as per conveyance, a copy of which is hereto attached."

As a second cause of action it is alleged: That on July 21, 1894, plaintiff and Hartman entered into an agreement whereby plaintiff was to furnish materials and perform the work for the improvement of the premises referred to in the first cause of action, and that Hartman then and there agreed, in consideration of plaintiff having made said improvements, to convey said land to plaintiff and place the deed therefor in escrow to be delivered to plaintiff upon the death of said Hartman; that plaintiff pursuant to said agreement entered into possession of the land and made said improvements, furnishing the material therefor, all at a cost of $1,280; that in performance of said agreement on his part said Hartman, on July 21, 1896, conveyed said land to plaintiff by grant deed, "and that such deed was so executed and delivered in escrow and unrecorded at the time of the conveyance of said realty to the said Edward and Laura Hart as hereinafter set forth"; that on October 2, 1903, said Hartman conveyed the said land to said Harts and received therefor the sum of $1,280; that said deed was received by the said Harts without any "knowledge or notice of plaintiff's said deed in escrow . . . and thereby said deed in escrow became null and void and valueless as a conveyance of the aforesaid property"; that thereby plaintiff became damaged in the sum of $1,600. Averments follow as to the death of Hartman, appointment of defendant as executor and presentation of the claim hereinbefore mentioned. The prayer is for judgment for $1,280 and interest from October 2, 1905. (Should be 1903.)

The answer contains specific denials of most of the averments of the complaint and for a separate defense pleads that on May 23, 1903, upon the petition of plaintiff, he was duly declared and adjudged a bankrupt, and that on June 11, 1903, a trustee of his estate was duly appointed and duly qualified as such trustee; "that if said Simpson, at the time he was adjudged a bankrupt, as aforesaid, had any title to the land described in the complaint in this action, the said trustee . . . became vested by operation of law, with such title, and said Simpson became thereby devested, and has ever since continued devested of such title; and that therefore said plaintiff cannot have or maintain this action against said defendant."

The cause was tried by the court, a jury having been waived, and the court found: That at the time said land was conveyed to said Edward and Laura Hart (October 2, 1903), it did not belong to plaintiff, and that the $1,280 received by Hartman from the Harts was not held in trust for plaintiff by Hartman, during his lifetime, nor since his death by the executor of his estate and no money is due or owing to plaintiff from defendant as said executor. The court finds the facts as to the conveyance by Hartman to plaintiff and the deposit in escrow of the deed "to hold said deed until the death of said Hartman and then to deliver it to the said plaintiff." The facts as to the conveyance to the Harts by Hartman are found to be as alleged in the complaint. The court then finds the facts of plaintiff's bankruptcy as alleged in the answer, and "that therefore said plaintiff cannot maintain this action against said defendant." Defendant had judgment accordingly that plaintiff take nothing by the action. The appeal is from this judgment.

If, by reason of his bankruptcy, plaintiff cannot maintain the action, it becomes unnecessary to consider any other of the various questions that arose in the course of the trial. The only claim made by plaintiff is based upon his alleged title to the land, and the only claim presented to defendant for payment was for money received by Hartman for the sale of land alleged to belong to plaintiff by virtue of Hartman's deed to him in 1896. By section 70 of the act establishing a uniform system of bankruptcy throughout the United States (30 Stats. at Large, 565; U. S. Comp. Stats. 1901, vol. 3, p. 3451), it is provided: "The trustee of the estate of a bank-

rupt, upon his appointment and qualification, . . . shall . . . be vested by operation of law with the title of the bankrupt, as of the date he was adjudged bankrupt . . . to all property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him.'' The investiture of title in the trustee takes place, without a deed of conveyance, by operation of law, as of the date the petitioner was adjudicated to be a bankrupt. (*In re Engle*, 105 Fed. 893.) A bankrupt cannot maintain a suit in his own name in relation to his property, not exempt, pending bankruptcy proceedings after the appointment of a trustee. (Loveland on Bankruptcy, 3d ed., p. 435, citing *Pickens* v. *Dent*, 106 Fed. 653, [45 C. C. A. 522]; affirmed *sub nom. Pickens* v. *Roy*, 187 U. S. 177, [23 Sup. Ct. Rep. 78].)

The remaining question would seem to be, Was the interest of plaintiff in the land property which could be transferred? If the Hartman deed, as claimed by plaintiff, was placed in escrow beyond the grantor's power to recall it, and with instructions to hold it until his death and thereupon to deliver it to the grantee named in the deed, the grantor to have no other or further interest in the land than to enjoy the use of it until his death, the title vested immediately in the grantee and the depositary became a trustee of the grantee. (*Bury* v. *Young*, 98 Cal. 446, [35 Am. St. Rep. 186, 33 Pac. 338]; *Wittenbrock* v. *Cass*, 110 Cal. 1, [42 Pac. 300]; *Ruiz* v. *Dow*, 113 Cal. 490, [45 Pac. 867].) The effect of the deed was to vest the title in the grantee and convert the grantor's estate into a life tenancy, and make himself the tenant of the grantee. It was said in *Cook* v. *Brown*, 34 N. H. 460: ''These conclusions result unavoidably from the certainty of the event upon which the second delivery is made to depend, and from the impossibility under the circumstances that the grantor will ever be able to recall or repossess himself of the deed.''

Every species of property, except a mere possibility, not coupled with any interest, may be transferred. (Civ. Code, secs. 1044, 1045; *Fudickar* v. *East Riverside Irr. Dist.*, 109 Cal. 29, [41 Pac. 1024]; *Rice* v. *Whitmore*, 74 Cal. 619, [5 Am. St. Rep. 479, 16 Pac. 501].) Plaintiff had a transferable interest in the property, assuming that he established

his contention that the deed from Hartman effected the purpose claimed for it. Plaintiff was adjudged a bankrupt in May, 1903, and Hartman sold the property to the Harts the following October. If, as claimed by plaintiff, when Hartman sold the property to an innocent purchaser, the "deed in escrow became void and valueless as a conveyance of the said property," plaintiff's right of action, whatever it was, became property which was transferable (Civ. Code, sec. 954), and hence title thereto passed to the trustee in bankruptcy.

Plaintiff contends that because he was adjudged a bankrupt on May 23, 1903, and Hartman sold the property October 2, 1903, plaintiff's right to the proceeds of the sale is property acquired after the adjudication and belonged to him. The sufficient answer to this claim is that the proceeds of this sale came from the land to which plaintiff's title, upon his own theory, vested in him long prior to May 23, 1903, and was in him when he was adjudicated a bankrupt; and when Hartman sold the property in October, 1903, the title had already, by virtue of the decree of adjudication and by operation of law, vested in the trustee.

It is urged that the action was properly commenced by plaintiff and should not abate because of his bankruptcy. (Citing *Giselman* v. *Starr*, 106 Cal. 651, 657, [40 Pac. 8].) We do not think that a judgment in the case, if satisfied by defendant, "would protect him from future annoyance or loss," as was stated in the case cited to be one of the tests of plaintiff's right to maintain the action under section 367 of the Code of Civil Procedure. This section requires the action to be prosecuted by the real party in interest. When the plea was interposed it could not be known what the judgment of the court would be on the merits. If plaintiff had recovered judgment and it had been satisfied by defendant, it would have been no protection to defendant against the claim of the trustee in whom title to the land, and the claim arising out of such title, had already vested. Nor would the judgment that plaintiff take nothing by the action estop the trustee from bringing his action to enforce his vested interest in the property or claim.

In the Giselman case the facts warranted the court in holding that both of these tests were fully met, and that by the judgment, whatever it might be, the defendant would be saved

"from further harassment or vexation at the hands of the claimants to the same demand." In *Woodsum* v. *Cole,* 69 Cal. 142, [10 Pac. 331], the action was upon a promissory note. The plaintiff had possession of the note by indorsement. The court said: "To entitle a party to maintain an action upon a promissory note, he must be the legal owner, and have the right of possession of the instrument; and such ownership must be sufficient to protect the defendant upon a recovery against him from a subsequent action. It was competent, therefore, for the defendant to show, if he could, that the plaintiff paid no money for the note, and was not the legal owner of it." (Citing *Hays* v. *Hathorn,* 74 N. Y. 486; *Towne* v. *Wason,* 128 Mass. 517.) There is nothing in *Cortelyou* v. *Jones,* 132 Cal. 131, [64 Pac. 119], in anywise changing the rule, where the assignment passed the legal title to the assignees, though they held the notes and mortgage in trust. Mr. Bliss says: "Under the new system the rule is adopted which prevails in equity, and which requires, with certain exceptions, that actions be prosecuted in the name of the real party in interest." The exceptions relate to persons suing in a representative capacity. In a note to the text the author says: "This raises the question, 'Who is the real party in interest?' The 'real party in interest' is the party who is to be benefited or injured by the judgment in the case. It will be observed that the rule provides the action must be prosecuted in the name of the real party in interest, and of course if the defense can show that the plaintiff or plaintiffs are not the real parties in interest the action must fail." (Citing numerous cases; Bliss on Code Pleading, sec. 45.) Speaking of the statutory provision, already noted, Mr. Pomeroy says: "The defense that the plaintiff is not such real party in interest is, in general, a bar to the suit. This," he says, "is certainly so when the plaintiff is the assignee of anything in action not negotiable, and the issue raised by an answer setting up such defense would be simply whether the plaintiff was, upon the proof, the real party in interest." (Pomeroy's Code Remedies, 3d. ed., sec. 66, p. 91.) The Giselman case, 106 Cal. 651, [40 Pac. 8], *Philbrook* v. *Superior Court,* 111 Cal. 31, [43 Pac. 402], and *Iowa and Cal. Land Co.* v. *Hoag,* 132 Cal. 627, [64 Pac. 1073], are cases where the court was able to say that the judgment against the

nominal party plaintiff would protect the defendant from an action upon the same demand by another, as well as also to give to the defendant the opportunity to assert all defenses and counterclaims available to him.

Plaintiff claims error in allowing defendant to plead plaintiff's bankruptcy by way of amendment to the answer. This amendment was offered after both parties had rested but before the cause was submitted. There had been some evidence admitted relating to the bankruptcy to show that plaintiff had not included the property in question or any interest in it in his schedule, but the adjudication had not been pleaded in bar of the action. The amendment was to accomplish this object, and, we think, it was within the discretion of the court to allow it.

It appears from the bill of exceptions "that after the trial of the above-entitled case and before entry of judgment therein the plaintiff duly made, served and filed" a notice of motion to amend his complaint. The proposed amendment introduced the following new issue: that in consideration of the improvements made by plaintiff upon the said land, "the said Hartman then and there agreed to devise and bequeath the above-described realty to plaintiff, and fix it so that the plaintiff should have the same upon the death of the said William Hartman." This amendment was utterly inconsistent with the cause of action counted upon and with the claim presented against the estate. It was not error to refuse the amendment.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 24, 1908.