[Civ. No. 1488.    Third Appellate District.—May 15, 1916.]

## JONAH MOORE et al., Respondents, v. O. B. LAUFF, Appellant.

PROMISSORY NOTE — DISTRIBUTION TO LEGATEES — RIGHT TO SUE ON JOINTLY.—Where a promissory note, among other assets of the estate of a deceased person, is distributed to the legatees jointly, the latter may jointly sue upon it without first having their respective shares therein partitioned and assigned to them under section 1675

of the Code of Civil Procedure, as it is not compulsory on them under this section to ask for a partition of their interests in severalty.

APPEAL from a judgment of the Superior Court of Del Norte County. John L. Childs, Judge.

The facts are stated in the opinion of the court.

George W. Howe, for Appellant.

Miller & Payton, for Respondent.

HART, J.—This is an appeal from the judgment, on the judgment-roll alone, by the defendant, Lauff.

The action was on a promissory note for five hundred dollars, dated February 15, 1912, which note (the complaint alleges) was made and delivered by the defendants to one S. A. Moore on the day of its date.

The complaint further alleges that Moore died testate on the eighth day of March, 1912, leaving estate, among the assets of which was the note in suit; that Jonah Moore, one of the plaintiffs, was thereafter, on due proceedings, appointed executor of the estate of the deceased, and letters testamentary issued to him, and that he qualified as such executor. The complaint proceeds: "That thereafter such proceedings were had in the matter of the said estate that on the 10th day of April, 1913, there was made and entered in said superior court, in the matter of the estate of S. A. Moore, deceased, a final decree of distribution of the effects of said estate and among which effects was the said promissory note, herein declared upon, and which said note was by said decree of distribution, distributed share and share alike to the several beneficiaries named in the said last will and testament of the said S. A. Moore, deceased. That each of the said beneficiaries, so named in said will, and to whom distribution was so made as aforesaid, had at the time of said distribution, attained to his or her majority. That subsequently to said decree of distribution, the several distributees partitioned and divided, equitable among themselves, the effects of the said estate so distributed; and that by said partition and division the said promissory note herein declared upon became the property of these plaintiffs jointly, and

they are now the owners and holders thereof.'' The complaint was unverified.

The defendants interposed a general demurrer to the complaint. The demurrer was overruled, and, answering the complaint, the defendants denied that the note declared upon was on the date mentioned or at any other time delivered to said Moore and denied that the plaintiffs ''are now or ever were at any time whatever the owners or holders of said promissory note.''

The appellant contends that the complaint does not state a cause of action, and that his general demurrer should have been sustained. In purported support of this contention, he declares that the complaint is wholly wanting in the statement of a cause of action on the note sued on because it appears therefrom that, after the court made its decree of distribution, whereby the property of the estate was distributed to the several beneficiaries share and share alike, the latter being thus vested with undivided interests in common in the property, the distributees themselves ''partitioned and divided the effects of the said estate so distributed,'' thus arrogating to themselves and exercising the right to perform an act which is solely within the power of the probate court and which ''can be accomplished only by the court''; whereas, so the argument runs, to vest them with ownership of the note, so that they would be legally entitled to maintain an action thereon, it was necessary that said note, with the other assets of the estate, should first have been partitioned and the respective shares of the beneficiaries assigned to them in accordance with section 1675 of the Code of Civil Procedure. That section provides:

''When the estate, real or personal, assigned by the decree of distribution to two or more heirs, devisees, or legatees, is in common and undivided, and the respective shares are not separated and distinguished, partition or distribution may be made by three disinterested persons, to be appointed commissioners for that purpose by the court. . . .''

The point is entirely destitute of merit.

In the first place, it is to be remarked that the criticism so directed against the complaint involves an objection, not to the sufficiency of that pleading to state a cause of action, but to the legal capacity of the plaintiffs to maintain the action or sue upon the obligation pleaded, and such an objection

cannot be raised by a general demurrer. (Code Civ. Proc., secs. 430, 431.) In the second place, assuming that the question could thus be raised and is so presented, the fact that their respective interests in the note had not been separated and vested in them severally, could not have the effect legally of foreclosing their right to join in an action to enforce the collection thereof. Indeed, their respective several interests being undivided, it was their duty to join in a suit to recover on the note (Code Civ. Proc., sec. 378), and had they not done so, the action having been instituted by one of the beneficiaries only, the court could, upon a showing that it was necessary to a full and complete adjudication of the controversy according to the facts, require the other beneficiaries or legatees to be joined as parties plaintiff or even as defendants, if they refused to be joined as plaintiffs. (Code Civ. Proc., sec. 382.) Thirdly, the appellant's proposition necessarily assumes that under section 1675 it is compulsory upon the heirs, devisees, or legatees to whom has been assigned by a decree of distribution an estate in common and undivided and in which their respective shares have not been separated and identified, to ask for the partition of the estate by commissioners appointed by the court for that purpose, and for the distribution to them in severalty of their respective interests as thus ascertained and determined. But the assumption is obviously erroneous. The proceeding contemplated by said section is one the institution of which rests wholly in the judgment or wishes or desires of the interested parties. They have the right, if they so prefer, to receive and hold their interests in common and undivided. Indeed, they have a perfect right to have the estate so distributed to them and then, after the making of the decree of distribution, themselves partition the estate and divide the property thereof among themselves. There is no conceivable reason why they should not pursue such a course if they feel that they can themselves satisfactorily adjust and divide the estate among themselves.

The law in question simply means that, where the decree of distribution awards to the heirs, devisees, and legatees an estate in common and undivided, they are privileged to have their respective interests ascertained, separated, and distributed to them in severalty by a proceeding in partition, if they prefer to have their interests so distributed; but, in

order to accomplish this judicially, and to give the court jurisdiction to order a partition, some interested person must, before the decree of distribution is made, file a petition for that purpose and give legal notice thereof. (Code Civ. Proc., sec. 1676; *Buckley* v. *Superior Court,* 102 Cal. 6, [41 Am. St. Rep. 135, 36 Pac. 360].) If the petition and the notice required by said section are not filed and given, then, the decree having been made, the court loses further jurisdiction of the whole proceeding and cannot, in the exercise of its probate jurisdiction, order a partition. As before suggested, failure to file a petition for partition in such a case cannot, obviously, have the effect of destroying or in anywise impairing their legal and natural right to dispose of the property so acquired in any manner they may choose.

The further claim is made that the complaint does not show that the plaintiffs "ever obtained any legal possession of the note," or that the note in suit was "delivered to the plaintiffs by the executor or the court"; or that "the said estate was closed, or that the executor was discharged." These objections, like the first above considered, are plainly and clearly without force.

The complaint, as has been shown, explicitly declares that by the court's *final* decree of distribution of the estate of the deceased, the estate was distributed to the beneficiaries under the will of said deceased, and that among the effects thereof so distributed was the note in question; that subsequent to said decree the distributees divided the property of the estate among themselves, and that by the division so made the said note became the property of the plaintiffs jointly "and they are now the owners and holders thereof." Thus it is very clearly made to appear that the estate was distributed, that the beneficiaries divided the same among themselves, which necessarily implies that they received the property so distributed and that the estate was closed, that the note became the joint property of the plaintiffs by the division effected by the beneficiaries themselves, and that they were the owners and holders of the same at the time of the institution of this action.

As stated above, there is absolutely no merit whatever in this appeal, and it would be an unjust imputation against counsel for the appellant to hold that he did not realize the utter futility of the appeal when taking it. We may, there-

fore, properly assume that the appeal was designed to accomplish no other purpose than to delay the execution or satisfaction of the judgment.

Accordingly, the judgment is affirmed, with damages awarded against the appellant in the sum of fifty dollars.

Chipman, P. J., and Ellison, J., *pro tem.*, concurred.