[Civ. No. 40454. Second Dist., Div. Four. Mar. 21, 1973.]

FRIENDLY VILLAGE COMMUNITY ASSOCIATION, INC., NO. IV, Plaintiff and Appellant, v. SILVA & HILL CONSTRUCTION CO., Defendant and Respondent.

COUNSEL

Lowder & Hon and Daniel Hon for Plaintiff and Appellant.

Waters, McCluskey & Corcoran and William W. Waters for Defendant and Respondent.

OPINION

DUNN, J.—This is an appeal by the plaintiff from an order dismissing its action as to defendant Silva & Hill Construction Co., entered after the trial court sustained defendant's general demurrer to the complaint without leave to amend.

On October 12, 1971, Friendly Village Community Association, Inc., No. IV, filed its verified complaint for alleged damage to real property based upon theories of negligence and strict liability. Named as defendants were seven corporations, including Silva & Hill Construction Co., plus two individuals and 50 "Does."

The complaint alleged: plaintiff is a non-profit California corporation organized and existing for the express purpose of administering, maintaining and repairing the common areas of a condominium located in Los Angeles County and known as "Friendly Valley Development No. 4"; a recorded declaration of covenants, conditions and restrictions pertaining to the condominium requires plaintiff to repair the common areas of the condominium; defendants "designed, produced, developed, engineered and manufactured" the lots and appurtenant residences comprising the condominium for the purpose of sale to the general public; the lots and residences were completed December 15, 1966; the soil underlying the residences was unstable, and defendants (including Silva & Hill, alleged to be one of the grading contractors) did not properly cut, fill and compact the soil; as a result the soil settled and moved, producing tension cracks in the walls, ceilings, floors and foundations of the residences; such damages "became appreciable to plaintiff" because of heavy rains occurring in January-February 1969; at that time the occupants began to complain to plaintiff about cracks appearing in their residences; the areas so damaged were part of the common area of the condominium; therefore, plaintiff was under a duty to make the necessary repairs; the exact cost of such repairs was unknown to plaintiff, except that the cost would exceed the sum of $5,000. Plaintiff

sought judgment for the cost of repairing the common areas according to proof.

Defendant Silva & Hill filed a general and special demurrer upon the ground, inter alia, that the complaint failed to state a cause of action in that "plaintiff has no legal capacity to sue . . . for damages to real property which it does not own, lease, or possess, or purport to have any ownership therein either legal or equitable." In its ruling on the demurrer, the trial court stated: "General demurrer is sustained without leave to amend on the sole ground that the plaintiff has not legal capacity to sue; demurrer is overruled on all other grounds." Pursuant to the ruling, an order was entered dismissing the action as to defendant Silva & Hill. (Code Civ. Proc., § 581, subd. 3, § 581d.)

Thereafter, plaintiff filed a motion to reconsider the ruling supported by a declaration of plaintiff's attorney, which stated that plaintiff wished to file a first amended complaint which set forth (1) plaintiff's articles of incorporation and (2) the declaration of covenants, conditions and restrictions under which plaintiff operated. Accompanying the motion and declaration was a proposed first amended complaint, incorporating by reference attached copies of the articles of incorporation and the declaration of covenants, conditions and restrictions.

The motion to reconsider was denied.[1] Plaintiff then appealed from the judgment (Code Civ. Proc., § 581d).[2]

As previously noted, the general demurrer was sustained on the ground that plaintiff lacked the legal "capacity" to sue. The ground as stated was improper because the question of legal "capacity" to sue cannot be raised by "general" demurrer. (Code Civ. Proc., § 430, subds. 2, 6, now § 430.10, subds. (b), (f); *Moore* v. *Lauff* (1916) 30 Cal.App. 452, 454-455

[1]The ruling on the motion to reconsider is not included in the record on appeal. Therefore, we have had the superior court file transmitted to us and have reviewed the ruling therein, pursuant to rule 12(a), California Rules of Court.
The motion was properly denied because there is no statutory or other authority for a bare "motion to reconsider." (*Farrar* v. *McCormick* (1972) 25 Cal.App.3d 701, 705 [102 Cal.Rptr. 190].) Insofar as the motion may be considered an application for leave to file an amended complaint, it likewise was properly denied because only under Code of Civil Procedure section 473 can an application for leave to amend a pleading be made after judgment (*Risco* v. *Reuss* (1941) 45 Cal.App.2d 243, 245 [113 P.2d 914]); plaintiff's motion was not made pursuant to section 473.

[2]Since the dismissal eliminated defendant Silva & Hill from the action, the order is appealable even though the action is not terminated against the other defendants. (*Gilbert* v. *Sacramento Unified School Dist.* (1968) 258 Cal.App.2d 505, 508 [65 Cal.Rptr. 913].)

[158 P. 557]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 801, pp. 2414-2415.) Moreover, since a corporation may sue (Corp. Code, § 801, subd. (a) ), the complaint shows on its face that plaintiff does have legal "capacity" to sue. (*California Steam Navigation Co.* v. *Wright* (1856) 6 Cal. 258, 261; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, §§ 751, 752, pp. 2373, 2374.)

■ There is a difference between the *capacity* to sue, which is the right to come into court, and the *standing* to sue, which is the right to relief in court. (*Parker* v. *Bowron* (1953) 40 Cal.2d 344, 351 [254 P.2d 6]; *Klopstock* v. *Superior Court* (1941) 17 Cal.2d 13, 18-19 [108 P.2d 906, 135 A.L.R. 318].) Thus, although a plaintiff may have "capacity" to sue, if the complaint shows that he is not a real party in interest and therefore lacks "standing" to sue, a "general" demurrer will be sustained. (*Parker* v. *Bowron, supra,* 40 Cal.2d at p. 351; *Klopstock* v. *Superior Court, supra,* 17 Cal.2d at p. 19; *Dixon* v. *Cardozo* (1895) 106 Cal. 506, 507 [39 P. 857]; *People* v. *Haggin* (1881) 57 Cal. 579, 587; *Oakland Municipal Improvement League* v. *City of Oakland* (1972) 23 Cal.App.3d 165, 170 [100 Cal.Rptr. 29]; *Hart* v. *County of Los Angeles* (1968) 260 Cal.App.2d 512, 516, 517 [67 Cal.Rptr. 242].)

■ One of the grounds of demurrer was that the compaint failed to state a cause of action because plaintiff did not allege it owned or possessed the real property allegedly damaged by the acts of defendants. Accordingly, if the complaint was insufficient upon this ground the judgment must be affirmed even though the trial court, in sustaining the demurrer, erroneously referred to plaintiff's "capacity" to sue. (*Burke* v. *Maguire* (1908) 154 Cal. 456, 461 [98 P. 21]; *Apelian* v. *County of Los Angeles* (1968) 266 Cal.App.2d 550, 554 [72 Cal.Rptr. 265]; *Southall* v. *Security Title Ins. etc. Co.* (1952) 112 Cal.App.2d 321, 323 [246 P.2d 74]; *Stratford Irr. Dist.* v. *Empire Water Co.* (1941) 44 Cal.App.2d 61, 65 [111 P.2d 957]; *des Granges* v. *Crall* (1915) 27 Cal.App. 313, 316 [149 P. 777].)

An element of a cause of action for injury to real property is the plaintiff's ownership, lawful possession, or right to possession, of the property. (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, §§ 499, 500, p. 2159.) The complaint failed to allege that plaintiff owned the real property comprising the condominium,[3] nor was there any allegation of plaintiff's

---

[3]Because of the nature of a condominium, the complaint could not properly have alleged ownership in plaintiff. A condominium is an estate in real property consisting of a separate interest in a residential building on such real property, together with an undivided interest-in-common in other portions of the same property. (Civ. Code,

possession, or right to possession, of such property. It was alleged merely that, under the declaration of covenants, conditions and restrictions, plaintiff was required to repair such common areas of the condominium as were injured by defendants' wrongful acts. Hence, the complaint stated no cause of action in plaintiff.

Plaintiff contends that, because it is the managing body of the condominium and therefore is charged with the duty to repair damage to the common areas, it has the concomitant standing to sue those responsible for the damage. We disagree. It is true that, under the declaration of covenants, conditions and restrictions, plaintiff is required to repair and reconstruct damaged or destroyed portions of the common areas. (Civ. Code, § 1355, subd. (b).) However, the declaration also required that plaintiff assess each condominium owner for his proportionate share of the cost of repair or reconstruction (Civ. Code, § 1355, subd. (e)), and it further provided that the amount of such assessment becomes a lien on the condominium assessed whenever a notice of assessment is recorded with the county recorder. (Civ. Code, § 1356.) The result is that, although repair or reconstruction of the common areas must be made by plaintiff, the cost thereof must be borne by the condominium owners. Therefore, under the facts alleged in the complaint the owners, not plaintiff, are the ones with standing to sue.

This conclusion is in accord with the rule that every action must be prosecuted in the name of the real party in interest. (Code Civ. Proc., § 367.) The condominium owners are the real parties in interest, because they are the ones having an actual and substantial interest in the subject matter of the action and who would be benefited or injured by the judgment in the action. (See *Simpson* v. *Miller* (1907) 7 Cal.App. 248, 255 [94 P. 252]; 59 Am.Jur.2d, Parties, § 40, p. 397.) It follows that the general demurrer was properly sustained.

The only remaining question is whether the trial court abused its discretion in sustaining the demurrer without leave to amend. (Code Civ. Proc., § 472c; *Carroll* v. *Hanover Insurance Co.* (1968) 266 Cal.App.2d 47, 49 [71 Cal.Rptr. 868].) The burden of showing an abuse of discretion rests on plaintiff. (*Schultz* v. *Steinberg* (1960) 182 Cal.App.2d 134, 140

---

§ 783.) A unit is the separate interest, and the common areas are the entire condominium except the units granted. (Civ. Code, § 1350.) Thus, the owners of a condominium are the grantees of the units, each grantee owning a separate interest in his unit and an interest, as tenant in common, in the common areas. (Civ. Code, § 1353. See also *White* v. *Cox* (1971) 17 Cal.App.3d 824, 828, 829 [95 Cal.Rptr. 259, 45 A.L.R.3d 1161].)

[5 Cal.Rptr. 890]; *Broadway Fed. etc. Loan Assoc.* v. *Howard* (1955) 133 Cal.App.2d 382, 401 [285 P.2d 61].) That burden has not been met, inasmuch as the proposed amendment to the complaint (which merely added the full text of plaintiff's articles of incorporation and the declaration of covenants, conditions and restrictions) failed to cure the deficiency therein (*Myers* v. *Metropolitan Trust Co. of Cal.* (1937) 22 Cal.App.2d 284, 290-291 [70 P.2d 992]), and the record is devoid of any indication that the complaint could be so amended as to state a cause of action in plaintiff. (*Cohen* v. *Citizens Nat. Trust etc. Bank* (1956) 143 Cal.App.2d 480, 483 [300 P.2d 14]; *Broadway Fed. etc. Loan Assoc.* v. *Howard, supra,* 133 Cal.App.2d at p. 401.)

The judgment is affirmed.

Jefferson, Acting P. J., and Kingsley, J., concurred.