FAULKNER, Justice
(Dissenting).
I dissent.
This is an appeal from an order granting a motion to dismiss an action seeking an injunction for the violation of the Alabama prevailing wage statute. I would affirm in part, reverse in part, and render.
A trades council, an association of unions, sought an injunction against the issuing of bids for the erection of the Hall-Rain Middle School, a Mobile public school, unless § 375(8)-(24) of Title 26 of the Code of Alabama 1940 (Recomp.1958), pertaining to minimum wages for public works undertaken by the state, was complied with. The Circuit Court of Mobile County granted summary judgment against the Trades Council.
On appeal, this court in Mobile, Ala.-Pensacola, Fla. Building and Construction Trades Council v. Williams, 331 So.2d 647 (Ala.1976), reversed and remanded, holding that the prevailing wage statute was applicable to the Mobile Board of School Commissioners’ contract for the construction of the Hall-Rain school. Between the issuance of the Circuit Court decision and this court’s decision, the Board entered into a contract with Tonsmeire Construction Co. for the construction of the Hall-Rain school. This contract, along with certain others entered into by the Board after the original complaint was filed, did not require the payment of the prevailing wage. No contractors for any of these projects were parties to this cause at any time.
Subsequent to the decision of this court, the Circuit Court enjoined the Board from constructing the Hall-Rain school without complying with § 375, from allowing any work to continue on any construction subject to § 375 until all workers who have performed any work on the construction have been paid the applicable wage, from paying additional money to present contractors performing work on any construction in progress, and from performing any other construction work in progress or hereinafter undertaken without complying with § 375. The injunction also stated that the cost of paying the prevailing wage rates shall be borne by the contractor. However, the Board’s motion to stay the injunction was granted.
The Trades Council then filed an amended complaint, alleging that some Board construction contracts entered into after the original complaint was filed failed to comply with § 375 and seeking an injunction restraining the Board from making any further payments under the contracts until § 375 was complied with and until all workers have been paid the prevailing wage, as well as from entering into any contracts without complying with § 375. The Trades Council further asked that all non-complying contracts subject to § 375 and issued subsequent to the filing of the original complaint be declared void. In response, the Board filed a motion to dismiss.
The Circuit Court, holding that the Board is required to comply with the prevailing wage statute on the Hall-Rain school construction from May 21, 1976, when this court denied rehearing, but not on any other construction projects begun prior to May 21, granted the Board’s motion to dismiss for lack of standing and failure to state a claim, but not for the absence of indispensable parties. The Circuit Court further decreed that the Board increase the contract price to allow the contractor to pay the prevailing wage.
The Board then filed a motion to stay enforcement of this order or, in the alternative, to alter or amend the order. The Circuit Court has not ruled on this motion. *966 The Trades Council appeals and the Board cross-appeals.
The sole issue is whether the Trades Council has standing to maintain this action. I say that it does not.
The question of standing to sue goes to the existence of a cause of action and may be raised at any point in the proceeding. Parker v. Bowron, 40 Cal.2d 344, 254 P.2d 6 (1953). There is a difference between capacity to sue and standing to sue. A plaintiff may have capacity to sue but if the complaint shows that the plaintiff is not the real party in interest and, thus, lacks standing, the cause will be dismissed. Friendly Village Community Assn., Inc. v. Silva & Hill Constr. Co., 31 Cal.App.3d 220, 107 Cal.Rptr. 123 (1973). To have standing, the plaintiff “must show an injury or threat to a particular right of [its] own, as distinguished from the public’s interest in the administration of the law.” Perkins v. Lukens Steel, 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108 (1940).
In Parker, the Supreme Court of California affirmed the lower court’s dismissal of a mandamus proceeding on the ground that a trades council and an individual lacked standing to maintain a suit to compel the city to pay the prevailing wage in accordance with the city charter. The California court stated that no facts were alleged which showed any right or beneficial interest of the unions or the individual in the actions. The court further said that, “[w]here the complaint states a cause of action in someone, but not in the plaintiff, a general demurrer for failure to state a cause of action will be sustained.”
In the original complaint, the Council sought an injunction against the issuing of bids for the construction of Hall-Rain. However, by the time this court ruled that § 375 was applicable to the Mobile School Board, the Board had already entered into a contract. Thus, for the Circuit Court to have granted an injunction against the issuing of bids would have been a useless exercise which this court should not perform.
In its amended complaint the Council sought an injunction restraining the Board from making any further payments under any contracts entered into after the original complaint was filed and failing to comply with § 375, until § 375 was complied with, and from entering into any contracts without complying with § 375, as well as asking that the non-complying contracts be declared void.
However, the Council lacks sufficient interest and, hence, standing to make these requests. See Parker. The Council does not allege that it represents any of the employees of any of the contractors who are parties to the Board contracts. It cannot show any injury or threat to a particular right of its own. At most, it has an interest in the administration of law and that interest alone is insufficient to give it standing. Prospective bidders have no standing to represent the public’s interest in the government’s compliance with the prevailing wage act. See Perkins. The Circuit Court cannot both grant a motion to dismiss and grant relief where dismissal bars the party from requesting such relief.
Therefore, I would affirm the Circuit Court’s order to the extent that it grants the Board’s motion to dismiss for lack of standing, but not to the extent that the order decrees that any contracts are not void or that the Board must comply with § 375 by providing for the payment of the prevailing wage.
It may be noteworthy to point out that there was a motion to dismiss for lack of standing in the previous case cited at 331 So.2d 647. The trial court did not rule on the motion. On the other hand, a summary judgment was granted, and the appeal was taken from that order. In this case the appeal was from the dismissal order. The same order is applicable to both cases; that is, dismissal for lack of standing to sue.