[Civ. No. 67749. Second Dist., Div. Three. Jan. 29, 1986.]

ORANGE GROVE TERRACE OWNERS ASSOCIATION et al.,
Plaintiffs and Appellants, v.
BRYANT PROPERTIES, INC., et al., Defendants and Respondents.

1218

COUNSEL

Munns, Kofford, Hoffman, Hunt & Throckmorton and Edward H. Cummings for Plaintiffs and Appellants.

John F. McKenna, Jr., for Defendants and Respondents.

OPINION

DANIELSON, J.—This is an appeal by plaintiff Orange Grove Terrace Owners Association (Association), a nonprofit corporation whose members are the owners of twenty-nine condominiums in a six-building complex located at 1215-1265 South Orange Grove Avenue in Pasadena, from an order granting a new trial of its cause of action for negligent repair of common areas against defendants and respondents Orange Grove Terrace Company (Company), a limited partnership and developer of the condominium project, Bryant Properties, Inc. (Bryant), general partner of the limited partnership, David W. Bryant, officer and sole shareholder of Bryant, and George E. Parsons, officer of Bryant.

The primary issue presented for our determination is whether a homeowners association has a cause of action for damages to the common areas of a condominium project caused by negligent acts or omissions of the developer occurring prior to formal organization of the association. We conclude that it does and therefore vacate the order granting a new trial.

The Association is the successor to an unincorporated owners association formed in June 1975, pursuant to a declaration of covenants, conditions, restrictions, power of attorney, and lien with power of sale executed by the Company in July 1974, and recorded by the county recorder in October 1974. On January 1, 1975, the Company entered into a management agreement with Bryant pursuant to which Bryant agreed to maintain and repair the entire condominium project, including common areas. The Association terminated Bryant's management contract effective September 30, 1976.

The Association and the individual owners of five condominiums sued the defendants on several theories, including negligence, for damages allegedly caused by faulty repairs made in the course of converting previously existing apartments into the condominium project. The individual condominium owners complained of damage to their individual units and, in some instances, to the common areas of the condominium project; the Association

complained of damage to the common areas. The jury was instructed that the individual plaintiffs were to be awarded damages for injury to the common areas "based only upon the percentage of ownership [each] plaintiff holds in the common areas."

With respect to the Association's negligence claim, the jury was instructed that the Association had the burden of proving "[t]hat after [i]t took over management responsibility for the common areas defendants undertook renovations or repairs to the common area," and that defendants were negligent in performing the work and thereby caused damage to the common areas. In determining the amount of any damages to the Association, the jury was instructed to "deduct from the total amount of said damages any damages you award any of the remaining plaintiffs against defendants for negligence in renovating or repairing the common areas subsequent to the time [the Association] took over management responsibility for the common area."

The jury returned verdicts in favor of all the plaintiffs on the negligence causes of action, awarding the individual plaintiffs damages totalling $40,605, and the Association $86,595.

On November 1, 1982, defendants' motion for new trial of the Association's negligence claim was granted on the grounds of excessive damages and insufficiency of the evidence to justify the verdict. (Code Civ. Proc., § 657, subds. 5, 6.) In its specification of reasons for granting the new trial, the court stated that the defendants could be liable to the Association for negligence only during the period from June 30, 1975, when the Association took over responsibility for the common areas from the Company, to September 30, 1976, when Bryant was terminated; that the only repairs of any consequence undertaken by defendants during that period were to the roof and plumbing; that the evidence established that although the roof repairs were not negligently performed, new roofs, at an estimated cost of $11,500, were probably required; that the evidence was insufficient to establish that negligently performed plumbing repairs to the individual units during the applicable period proximately caused damage to common area plumbing and that in any event the cost to repair the plumbing was $15,324; that although the Association claimed negligent repair of paving in the parking area, the evidence did not clearly show the defendants undertook such repairs during the applicable period, and, in any event, the estimated cost of repair was only $9,832. Thus, the total cost to repair the damage suffered by the Association would not exceed $36,656.

## Contentions

The Association contends the trial court's findings of excessive damages and failure of the evidence to justify the verdict were based on the court's

erroneous assumption that the Association could not recover for damages resulting from the defendants' negligent acts occurring before the Association assumed its management duties with respect to the condominium project. The Association also contends the trial court erred in finding that the evidence did not establish the defendants' negligence in repairing the common area roofs, and that the court failed to differentiate between individual condominium units and common areas in specifying its reasons for granting a new trial.

Defendants contend the Association lacks standing to sue for damage occurring to the common areas before the Association was organized and took control of the common areas, and that the Association fails to demonstrate wherein the record is inadequate to support the trial court's factual determinations.

### DISCUSSION

This action was brought pursuant to the provisions of former Code of Civil Procedure section 374, which read, in part: "An owners' association established in a project consisting of condominiums, as defined in Section 783 of the Civil Code, . . . shall have standing to sue as the real party in interest for any damages to commonly owned lots, parcels, or areas . . . occasioned by the acts or omissions of others, without joining with it the individual owners of such project . . . ."

The section was enacted in 1976 (Stats. 1976, ch. 595, § 2, p. 1439, amended by Stats. 1979, ch. 168, § 1, p. 387)[1] in response to the decision in *Friendly Village Community Assn., Inc.* v. *Silva & Hill Constr. Co.* (1973) 31 Cal.App.3d 220 [107 Cal.Rptr. 123, 69 A.L.R.3d 1142], wherein it was held that a home owners' association lacked ownership, possession, or right of possession in the common areas of a condominium project and therefore lacked standing to sue grading contractors for failing to properly cut, fill and compacted the soil underlying the project, resulting in damage

---

[1]Section 374 was repealed by Statutes 1985, chapter 874, section 17. A new section 374 was added by Statutes 1985, chapter 874, section 18, and reads as follows: "An association established to manage a common interest development pursuant to Section 1363 of the Civil Code shall have standing to institute, defend, settle, or intervene in litigation, arbitration, mediation, or administrative proceedings in its own name as the real party in interest and without joining with it the individual owners of the common interest development, in matters pertaining to the following: (a) Enforcement of the governing documents. (b) Damage to the common areas. (c) Damage to the separate interests which the association is obligated to maintain or repair. (d) Damage to the separate interests which arises out of, or is integrally related to, damage to the common areas or separate interests that the association is obligated to maintain or repair."

to the common areas. (Cf. *Raven's Cove Townhomes, Inc.* v. *Knuppe Development Co.* (1981) 114 Cal.App.3d 783 [171 Cal.Rptr. 334] (Association owned common areas).)[2]

In *Friendly Village,* as in the present case, the declaration of covenants, conditions and restrictions charged the plaintiff association with the duty to repair damage to the common areas. (Former Civ. Code, § 1355, subd. (b), now see §§ 1353, 1354.) There, as here, the declaration also required the association to assess each owner for his proportionate share of the cost of repair or reconstruction (former Civ. Code, § 1355, subd. (e)), and provided that the amount of such assessment became a lien on the assessed condominium upon recordation of a notice of assessment. (Former Civ. Code, § 1356, now see § 1367.) The court determined that as a result, although repair or reconstruction of the common areas was to be made by the plaintiff association, the cost thereof was to be borne by the condominium owners, who were the ones with standing to sue. (*Friendly Village Community Assn., Inc.* v. *Silva & Hill Constr. Co., supra,* 31 Cal.App.3d at p. 225.)

The only difference between our case and the situation in *Friendly Village* is the existence of Code of Civil Procedure section 374, providing that the Association has standing to sue as the real party in interest for damage to the common areas.

We perceive no reason for distinguishing between the Association and other similarly situated plaintiffs with respect to the recovery it may seek once its standing is established. Section 374 does not suggest that the Association's recovery is limited to damages caused by negligent acts occurring during the Association's existence. In fact, the cases and textwriters suggest just the opposite, assuming that section 374 empowers an association to bring an action against a developer for damages to common areas arising out of defective workmanship or materials. (See, e.g., 4 Miller & Starr, Current Law of Cal. Real Estate, §§ 24:81-82, pp. 135-140, Supp. pp. 190-194 (. . . "[I]f there is damage to the common area because of defective construction, the homeowners' association would be the proper

---

[2]The *Raven's Cove* court held that there could be no question that the subject homeowners association, which *owned* the common areas, had standing to sue the developers for defects in those areas pursuant to section 374. (*Raven's Cove Townhomes, Inc.* v. *Knuppe Development Co., supra,* 114 Cal.App.3d 783, 790.) We read no ownership requirement into the provisions of the section as enacted effective August 27, 1976, or as thereafter amended.

We also note that in *Raven's Cove,* the developer's work was substantially completed by October 1973, defects therein were noted as early as 1974, and the action was filed by the association on May 6, 1976. (*Id.,* at pp. 788, 790.) The court observed that although the complaint was filed before the effective date of section 374, the parties apparently conceded that the statute was properly retroactively applied to their case. (*Id.,* at p. 790, fn. 2.)

party plaintiff in the action against the developer as to damages to the common area. . . ."); see also *Raven's Cove Townhomes, Inc.* v. *Knuppe Development Co., supra,* 114 Cal.App.3d 783, 790.)

Here, the defendants purchased an existing apartment complex and converted it into a condominium project for the purpose of selling the units, together with undivided shares of the common areas, to purchasers. The defendants executed and recorded the declaration of covenants, conditions and restrictions, providing for formation of a homeowners' association having responsibility for repair and maintenance of the common areas.

█ The record shows that the defendants' work was substantially accomplished prior to formal organization of the homeowners' association provided for in the covenants, conditions and restrictions (former Civ. Code, § 1355, *supra*) and, therefore, before the Association assumed its management duties with respect to the common areas. The timing of the Association's organization was a matter wholly within the control of the defendants, who could readily foresee that the Association, which was obligated by the covenants and conditions promulgated by defendants to maintain and repair the common areas, and to assess the condominium owners sums sufficient for that purpose, would be damaged by an injury to the common areas caused by the defendants' negligence in undertaking repairs in the course of the condominium conversion. " '[A] developer . . . may not make decisions for the Association that benefit [its] own interest at the expense of the association and its members. . . .' [Citation.]" (*Cohen* v. *S & S Construction Co.* (1983) 151 Cal.App.3d 941, 945 [201 Cal.Rptr. 173].)

We conclude that the trial court erred in limiting damages recoverable by the Association to those resulting from the defendants' negligent acts or omissions occurring after the Association's assumption of management responsibility for the common areas. There remains a question whether the jury awarded excessive damages absent the erroneous time limitation. The matter will be remanded for the trial court's determination of that question.

In light of the trial court's comments in ruling upon the motion for new trial, we deem it appropriate to note that if the defendants undertook to repair roofs, and in doing so negligently determined that patching, rather than replacement would suffice, the jury could reasonably determine that the roof repairs were negligently performed. Similarly, if the defendants negligently used copper pipe in repairing the common area galvanized piping, and thereby proximately caused damage to the galvanized piping, necessitating additional repair or replacement in the common areas, the de-

fendants' conduct would support an award of damages for negligently performed plumbing repairs.

### DECISION

The order granting a new trial is vacated and the matter is remanded. The trial court is directed to reconsider the motion and determine whether substantial evidence supports the jury's award of damages without the time limitation set forth in the court's instruction number 11.

Klein, P. J., and Lui, J., concurred.