Filed 8/16/16  The Inland Oversight Committee v. City of Covina CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE INLAND OVERSIGHT COMMITTEE, | B268735 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. BS152268) |
| CITY OF COVINA, | |
| Defendant and Respondent; | |
| SAGE AUTOMOTIVE GROUP et al., | |
| Real Parties in Interest and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard L. Fruin, Judge.  Reversed.

Briggs Law Corporation, Cory J. Briggs and Anthony N. Kim for Plaintiff and Appellant.

Richards, Watson & Gershon and Ginetta L. Giovinco for Defendant and Respondent.

Feldman/Berman/Schwartz and Craig S. Berman for Real Parties in Interest and Respondents.

In this action under the California Environmental Quality Act (Pub. Resources Code, § 21000 et seq. (CEQA)), plaintiff, The Inland Oversight Committee, appeals from the judgment (order) of dismissal based on the sustaining of a demurrer. In light of our determination that plaintiff is entitled to proceed under the public interest litigation exception to the personal interest requirement, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant, the City of Covina (City), owns the subject property at 633-635 South Citrus Avenue in that city. Citrus Avenue has a Metrolink stop and intersects with the 10 and 210 freeways.

In 2014, Covina MJL, LLC[1] (Covina MJL) and its affiliate Sage Automotive Group (Sage) expressed interest in renovating and leasing the property for a new automobile dealership business, Sage Covina Chevrolet. At the time, the existing structure on the property, formerly used by Enterprise Rent-A-Car, was in need of renovation. Covina MJL and Sage sought financial assistance from City to build an approximately 8,000 square-foot addition.[2]

After completing its initial CEQA study, City concluded that although the proposed project would have "potentially significant impacts related to Aesthetic Resources, Cultural Resources, Hazards and Hazardous Materials, and Noise," these impacts could be mitigated to "less than significant levels." It prepared a mitigated negative declaration under CEQA, developed a mitigation monitoring program for the proposed project, and distributed the mitigated negative declaration for public comment. During the comment period, plaintiff objected that no consideration had been given to the

---

[1] The record indicates that "Covina MJL, LLC is a subsidiary of Sage Holding Co., which is an established automobile dealership operator."

[2] City granted Covina MJL and Sage an economic subsidy with a sales tax incentive. In the original complaint's second cause of action, "Unlawful Expenditure of Public Funds," plaintiff challenged the tax incentive and alleged violation of the prevailing wage law. That cause of action is no longer at issue.

project's cumulative and long-term environmental impacts, and requested preparation of a full EIR.

In October 2014, City granted final CEQA approval based on the mitigated negative declaration. City approved all relevant documents—the lease with option to buy, mitigated negative declaration, and economic development subsidy report—for the project.

The following month, plaintiff filed a verified petition for writ of mandate and complaint for declaratory and injunctive relief against City, with Sage and Covina MJL as real parties in interest. It filed an amended complaint with causes of action for failure to prepare an EIR (first cause of action) and violation of mitigation measures (second cause of action).

City and real parties in interest demurred to the first amended complaint, questioning plaintiff's beneficial interest in the project. Code of Civil Procedure section 1086 authorizes a writ of mandate "upon the verified petition of the party beneficially interested." (Code Civ. Proc., § 1086 (section 1086).)

Plaintiff argued that in compliance with section 1086, its petition was verified by a member, Stephen Millard, who resides "in or near" City and has "an interest in ensuring open, accountable, responsive government and in protecting the region's environment." In addition, plaintiff sought to proceed under the public interest litigation exception to the beneficial interest requirement.

In sustaining the demurrer, the court stated that "[p]er *Braude v. City of Los Angeles* [(1990) 226 Cal.App.3d 83], petitioner's interest in the action must be 'substantial[, i.e., a writ will not issue to enforce a technical, abstract or moot right,] and must be an interest over and above an interest held in common by the public in general.'" In addition to its failure "to allege facts showing that petitioner has 'a beneficial interest that is clear, direct, substantial, and over and above an interest held in common by the public in general,'" the complaint failed to describe "'the dealership's location, its proximity to any of Petitioner's members, the ways in which the Project will harm any of

3

Petitioner's members, or what interest in this specific Project any of Petitioner's members have.'"

Plaintiff filed a second amended complaint clarifying the project's impact on its members (see italicized language below). The amended complaint specifically alleged that at least one member lives *in* the city: "18. There is a fair argument that the project will have significant environmental impacts; by way of example and without limitation, the administrative record is replete with evidence that the Project will result in significant traffic, hazards/hazardous materials, hydrology/water quality, noise, and public services impacts. The Project will also result in cumulative impacts unaccounted for in the [mitigated negative declaration]. The Project's environmental impact particularly affect Petitioner in a number of ways. By way of example and without limitation:

"A. The Project is located at 633-635 South Citrus Avenue, Covina, CA.

"B. Citrus Avenue is a major throughway in the City as it intersects with two freeways, Interstate 10 and Interstate 210, and also a Metrolink stop.

"C. The significant traffic impact resulting from construction of a car dealership on a 100,000 square-foot lot that currently produces minimal traffic will impact Covina residents, including members of Petitioner, *at least one of whom resides in the City of Covina.*" (Italics added.)

The second amended complaint was followed by another demurrer by City and real parties in interest. They requested dismissal based on plaintiff's failure, despite several opportunities, to "allege that the auto dealership is in close proximity to any of [its] members; how any of its members will be adversely impacted by traffic, including any specific routes; or what specific interests in the Project any of [plaintiff's] members have over and above that of all citizens, particularly given that [it] has alleged that the Project's traffic 'will impact Covina residents' in general."

The trial court sustained the demurrer without leave to amend. It cited plaintiff's failure to allege a beneficial interest in the project, or a geographical nexus between any of its members and the project. It distinguished *Bozung v. Local Agency Formation Commission* (1975) 13 Cal.3d 263 (*Bozung*), in which one of the plaintiffs lived about

4

1,800 feet from the annexed property and thus had a special interest in the litigation to challenge the annexation (*id.* at p. 268). The court also distinguished *Save the Plastic Bag Coalition v. City of Manhattan Beach* (2011) 52 Cal.4th 155, in which the plaintiff had a direct economic interest in the ordinance banning plastic bags.

Based on the order sustaining the demurrer without leave to amend, the trial court entered a judgment (order) of dismissal. Plaintiff filed a timely notice of appeal.

## DISCUSSION

In reviewing the sufficiency of a complaint against a general demurrer, we accept all material facts properly pleaded but not contentions, deductions or conclusions of fact or law. We also consider matters which may be judicially noticed. (*Blumhorst v. Jewish Family Services of Los Angeles* (2005) 126 Cal.App.4th 993, 999.)

The sole legal issue presented on appeal is whether plaintiff—a "non-profit, social-advocacy organization formed and operating under the laws of the State of California"—has standing to sue. The basic rule is that "if the complaint shows that [the plaintiff] is not a real party in interest and therefore lacks 'standing' to sue, a 'general' demurrer will be sustained. [Citations.]" (*Friendly Village Community Assn., Inc. v. Silva & Hill Constr. Co*. (1973) 31 Cal.App.3d 220, 224.) But in cases involving threats to the public interest, which include threats to the environment, the rule is greatly relaxed: "[E]nvironmental problems clearly present justiciable issues. In a mandamus proceeding such as that presented here, it has been recognized that a petitioner must seek to protect a clear interest [citations]. But '[the] conditions of petitioner's right and respondent's duty . . . may be greatly relaxed, if not virtually abandoned, where the question is one of public interest' [citation]. This rule was set forth by the California Supreme Court in *Board of Soc. Welfare v. County of L.A*. [(1945)] 27 Cal.2d 98, 100–101: '[Where] the question is one of public right and the object of the mandamus is to procure the enforcement of a public duty, the relator need not show that he has any legal or special interest in the result, since it is sufficient that he is interested as a citizen in having the laws executed

5

and the duty in question enforced. . . .' [Citations.]" (*Residents of Beverly Glen, Inc. v. Los Angeles* (1973) 34 Cal.App.3d 117, 127.)

In *Bozung*, *supra*, 13 Cal.3d 263, the City of Camarillo's annexation of real property was challenged by several plaintiffs: "Richard Bozung, a Ventura County resident and taxpayer; Roger Boedecker, a Ventura County resident and taxpayer who lives near the annexed property, on behalf of himself and all others similarly situated; and the Ventura County Environmental Coalition, Ventura County residents and taxpayers, many of whom live in Camarillo or in the area of the annexation." (*Id.* at p. 268.) In their demurrer, the defendants (the City of Camarillo and the local agency that approved the annexation) argued that none of the plaintiffs had the necessary beneficial interest to bring an action in mandamus. (*Id.* at p. 271.)

In concluding that all of the plaintiffs had standing, the court found the allegation "that they will be harmed by the environmental effects of the challenged annexation . . . is sufficient. (*United States v. SCRAP* (1973) 412 U.S. 669, 683–685.)" (*Bozung*, *supra*, 13 Cal.3d at p. 272.) In addition, the plaintiffs had "standing 'to procure enforcement of a public duty, . . .' [Citation.]" (*Ibid.*) The *Bozung* court rejected any distinction based on "whether plaintiffs live within or without the Camarillo city boundaries. Effects of environmental abuse are not contained by political lines; strict rules of standing that might be appropriate in other contexts have no application where broad and long-term effects are involved. (See *United States v. SCRAP*, *supra*, 412 U.S. at pp. 687–688.)" (*Ibid.*)

*United States v. SCRAP*, *supra*, 412 U.S. 669 is similar. The failure of a federal commission to halt a proposed railway freight increase was challenged by several environmental protection groups on various grounds, including the lack of an environmental impact statement. (*Id.* at p. 679.) In concluding the plaintiffs had standing to bring the action, the Supreme Court held it was sufficient to allege that the commission's illegal action "would directly harm them in their use of the natural resources of the Washington Metropolitan Area." (*Id.* at p. 687.) The fact that the rate increase was applicable to substantially all railroads, and thus "all persons who utilize the

6

scenic resources of the country, and indeed all who breathe its air, could claim harm similar to that alleged by the environmental groups" was not a basis on which to deny standing. (*Ibid.*) "[W]e have already made it clear that standing is not to be denied simply because many people suffer the same injury. . . . To deny standing to persons who are in fact injured simply because many others are also injured, would mean that the most injurious and widespread Government actions could be questioned by nobody. We cannot accept that conclusion." (*Id.* at pp. 687–688.)

Applying this reasoning, plaintiff may not be denied standing simply because the injuries suffered by its members are identical to the injuries suffered by the public at large. The correct analysis is whether plaintiff has sufficiently alleged that the project will result in long-term environmental impacts on its members, regardless whether they live in or near the city, and that City, contrary to CEQA's requirements, has yet to consider those impacts.

According to the allegations of the complaint, the project—which is located on a major throughway that intersects with two freeways and contains a Metrolink stop—will create "significant traffic impacts" that will affect all "Covina residents, including members of Petitioner, at least one of whom resides in the City"; and the "Project's significant direct, indirect, or cumulative adverse impacts on the environment give rise to Respondent's legal obligation to prepare an environmental impact report." We conclude that under *United States v. SCRAP*, *supra*, 412 U.S. at pp. 687–688 and *Bozung*, *supra*, 13 Cal.3d at p. 272, the complaint has sufficiently alleged plaintiff's right to proceed under the public interest litigation exception to the personal interest requirement.

## DISPOSITION

The judgment of dismissal is reversed.  The matter is remanded for further proceedings.  Plaintiff is entitled to its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.


We concur:


MANELLA, J.


COLLINS, J.