Filed 4/13/15  The 704 Group v. Hairston CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE 704 GROUP, LLC, | H040325 |
| Plaintiff, Cross-defendant and Respondent, | (Santa Clara County Super. Ct. No. 1-13-CV246118) |
| v. | |
| PATRICIA L. HAIRSTON, | |
| Defendant, Cross-complainant, and Appellant. | |

Patricia Hairston brought this appeal to challenge the sustaining of a demurrer to her cross-complaint against respondent The 704 Group, LLC.  In her cross-complaint appellant sought to set aside a default judgment respondent had obtained against appellant's estranged spouse.[1]  We find no error in the court's determination that appellant lacks standing to challenge the prior judgment.  Accordingly, we must affirm the resulting order of dismissal.

*Background*

In January 2013 respondent, a debt collection agency, sued appellant's estranged spouse, John Hairston (John), to recover a four-year-old debt owed to respondent's

---

[1]  After her opening brief on appeal was filed, we were notified that appellant had been murdered.  Her daughter, the administrator of the estate, has pursued the appeal in appellant's place.  For clarity and ease of reference, however, we will continue to refer to the decedent as the appellant.

predecessor in interest. On March 19, 2013, the clerk entered judgment by default for $11,105.44, consisting of the $8,202.03 owed plus costs and prejudgment interest.

In May 2013 respondent filed the present action against both John and appellant to set aside an alleged fraudulent transfer of John's residential property interest to appellant in August 2009. Before then the property had been held by the defendants as community property, and respondent believed that John still lived there and contributed to the mortgage payment. Respondent alleged that the August 2009 transfer had been made without consideration, "with the intent to hinder, delay or defraud creditors of Defendant JOHN H. HAIRSTON, including plaintiff."

Appellant cross-complained for equitable relief, naming respondent and two individuals associated with the company. Citing the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) and the Rosenthal Fair Debt Collection Practices Act (Civ. Code, §§ 1788-1788.33), she sought to set aside the default judgment entered against John, which she alleged had been obtained by extrinsic fraud. The cross-defendants were not legally entitled to recover from John, she asserted, because he had not been properly served in that prior action, because cross-defendants had misrepresented the "character, amount or legal status" of the alleged debt, and because collection of the debt was barred by the applicable statutes of limitations. Appellant referred to John as her "estranged spouse."

The three cross-defendants demurred to the cross-complaint on the ground that appellant lacked standing to challenge the default judgment. In her opposition appellant maintained that although she was not a party to the collection action, she was nonetheless "adversely affected . . . and is at substantial risk of being subject to liability by reason of the rendition of the <u>void</u> judgment." Appellant alternatively requested leave to amend, citing the "reasonable possibility" that she *might* be able to "supply the necessary factual allegations."

2

The superior court heard the matter on September 10, 2013 and on September 13, 2013 filed its order; sustaining the demurrer without leave to amend based on appellant's lack of standing to challenge the prior judgment against John. From the ensuing order of dismissal on October 18, 2013, appellant brought this timely appeal.

*Discussion*

Appellant recognizes the standard by which we review an order sustaining a defendant or cross-defendant's demurrer. "On appeal from a dismissal following the sustaining of a demurrer, this court reviews the complaint de novo to determine whether it alleges facts stating a cause of action under any legal theory. . . . [¶] Because the function of a demurrer is not to test the truth or accuracy of the facts alleged in the complaint, we assume the truth of all properly pleaded factual allegations. [Citation.] Whether the plaintiff will be able to prove these allegations is not relevant; our focus is on the *legal* sufficiency of the complaint." (*Los Altos Golf and Country Club v. County of Santa Clara* (2008) 165 Cal.App.4th 198, 203; see also *Debrunner v. Deutsche Bank National Trust Co.* (2012) 204 Cal.App.4th 433, 438.) We do not, however, assume the truth of "mere contentions or assertions contradicted by judicially noticeable facts." (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 20; see also *Blatty v. New York Times Co.* (1986) 42 Cal.3d 1033, 1040 ["when the allegations of the complaint contradict or are inconsistent with such facts, we accept the latter and reject the former"].) Nor do we assume the truth of "contentions, deductions or conclusions of law." (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.)[2]

---

[2] This cautionary principles are illustrated by the misstatements in the cross-complaint. Although appellant alleged that the cross-defendants had pursued both her and John as debtors, the record of the prior judgment indicates that only John was the target of the prior collection action. Thus, we do not accept the truth of these *improperly* pleaded factual allegations.

3

In this case the issue before us is not whether appellant adequately pleaded respondent's extrinsic fraud, failure to serve John, or violation of debt collection statutes. What is presented by respondent's demurrer is appellant's standing to bring such claims in the first place. It is undisputed that she was not a party to the judgment she now challenges. She maintains nonetheless that that prior judgment was void.

More than 120 years ago, our Supreme Court declared, " 'No person will be permitted to proceed in equity against a judgment or decree to which he was not a party, and which did not at its rendition affect any of his rights. If the parties to an adjudication are satisfied with it, no outside persons will be permitted to intermeddle with it, at law or equity.' " (*Whitney v. Kelley* (1892) 94 Cal. 146, 148.) "It is essential that a party complaining in equity should have some present substantial interest in the subject-matter of the suit. He must have a direct interest in the result of the litigation, and his complaint must clearly indicate that fact." (*Id*. at p. 151.) If a judgment was procured by fraud, as the plaintiff alleged in *Whitney*, it is for the injured party alone to seek a remedy; if he or she chooses not to, an outsider with no direct interest in that outcome may not subsequently be permitted to disturb the judgment. Only if it was fraudulent by collusion between the parties would that nonparty be heard. Even then, the judgment would be voidable, not void. (*Ibid*.)

This general principle is reinforced by the very decisions on which appellant relies. In *People ex rel. Public Util. Com. v. Ryerson* (1966) 241 Cal.App.2d 115, the People sought to have a prior judgment vacated for extrinsic fraud or mistake. The appellate court did not sanction equitable relief to *any* "stranger [whose] interests have been adversely affected by the judgment." (*Id*. at p. 119.) Instead the court, viewing the proceeding as akin to an intervention, held that the People "clearly" (*Id*. at p. 120) met the standard required to intervene—that is, an interest that involves " 'such an immediate and direct claim upon the very subject matter of the litigation that the intervener will either gain or lose by the *direct operation* of the judgment that may be rendered

4

therein.' " (*Id*. at p. 119, quoting *Faus v. Pacific Elec. Ry Co*. (1955) 134 Cal.App.2d 352, 356.) In *Ryerson* the circumstances were those anticipated by the Supreme Court in *Whitney*: the prior judgment, which had been entered by stipulation between a carrier and a shipper, had been obtained by collusion.

There is nothing in this record even remotely suggesting collusion between John and respondent in the prior action; indeed, those two unquestionably had adverse interests throughout the litigation between them.[3] The prior action had everything to do with John's personal debt and nothing to do with appellant or her property; John, and only John, was adjudged to owe respondent $11,105.44. Appellant thus has no *direct* interest that is affected by the outcome of that case.

The lawsuit that does affect appellant's interest is the current one, seeking to set aside the allegedly fraudulent transfer of John's property interest to appellant. Nothing in the court's ruling on the demurrer prevents appellant from mounting a vigorous defense to respondent's claim.

Respondent and the court cited Code of Civil Procedure section 367, a statute not mentioned in appellant's opening or reply brief. This provision states that "[e]very action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute." The real party in interest is the one with "an actual and substantial interest in the subject matter of the action and who would be benefited or injured by the judgment in the action." (*Friendly Village Community Assn., Inc. v. Silva & Hill Constr. Co*. (1973) 31 Cal.App.3d 220, 225; accord, *Chao Fu, Inc. v. Chen* (2012) 206 Cal.App.4th 48, 57.) Appellant cannot meet this standard. The judgment from which she seeks relief was against John, not her, and it pertained to a debt for which only John was deemed liable.

---

[3] John's default in *this* case was entered by the clerk on July 31, 2013.

*Lieberman v. Aetna Insurance Co.* (1967) 249 Cal.App.2d 515 does not compel a different result. In that case, the plaintiff obtained a default judgment against the driver of an automobile that had injured the plaintiff. She then sued Aetna Insurance Company to recover the amount of that judgment. Aetna moved to set aside the driver's default on the ground of extrinsic mistake of fact. The superior court vacated the default and default judgment, and the appellate court affirmed.

The procedural circumstances of *Lieberman* are clearly distinguishable from the case before us. In this action respondent is not claiming that appellant must pay it the amount of the prior judgment against John. Although its ultimate goal is obviously to recover the $11,105.44, it seeks that result only by reaching John's share of the real property—that is, the interest he held before he transferred it to appellant.

Likewise, in *Villarruel v. Arreola* (1977) 66 Cal.App.3d 309, the court's endorsement of an appearance by a "stranger to the action" was in reference to an excess insurer against whom the plaintiff proceeded after obtaining a consent judgment of which the insurer had no notice. (*Id.* at p. 317.) As in *Lieberman*, the insurer was *directly* affected by the consent judgment, which appeared to have been entered "as a result of mistake, or collusion, or fraud." (*Ibid.*) Indeed, the court held, "it is patent that the interests of [the insurer], although a stranger to the action, were substantially and intentionally affected by the judgment." (*Ibid.*) Comparable circumstances are not present in the case before us. Appellant has no direct interest in John's debt, and the indirect result of the collection judgment-- the complaint to set aside the property transfer—is one that she may contest with all the defenses available to her.

Appellant nonetheless maintains that "because Respondents are attempting to collect a default judgment against HAIRSTON's separate property, she is affected by the Prior Action and therefore is in privity." She argues, "On the basis of the default judgment obtained in the Prior Action, Respondents [*sic*] are seeking to take from HAIRSTON her home residence by way of this action. Yet Respondents continuously

[*sic*] insist that HAIRSTON will not be adversely affected if Respondents [*sic*] succeed on their Complaint, void the Interspousal Transfer Grant Deed, attach a lien to HAIRSTON's home residence, and sell her property. Respondent's argument is as absurd as it is illogical." It is appellant's argument that is illogical, however, because its premise conflates the issues in the two actions. Respondent is not asserting that appellant is unaffected by the *present* action; of course her interest in the entire parcel deeded to her is at stake. As we noted above, nothing precludes her defense to the allegation that John fraudulently transferred that property to her. The demurrer addresses only appellant's cross-complaint, which seeks to overturn a judgment in which she had no direct interest of any kind.

In summary, appellant has no standing to collaterally challenge the prior judgment any more than she could have sought relief from it under Code of Civil Procedure sections 473 or 473.5 or by appeal. That action was brought solely to collect a debt for which only John was liable. John, the party entitled to seek relief, elected not to do so; appellant was not entitled to do so on his behalf. As each of appellant's causes of action depends on standing to assert the wrong alleged, none can survive demurrer.

Appellant alternatively contends that the judgment must be reversed to give her the opportunity to amend her cross-complaint. If there is a "reasonable possibility" that she can cure the defect in her pleadings, we will find an abuse of discretion by the superior court and remand to give her that opportunity. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081; *Align Technology, Inc. v. Tran* (2009) 179 Cal.App.4th 949, 971.) It is appellant's burden, however, to show "in what manner [s]he can amend [her] complaint and how that amendment will change the legal effect of [her] pleading." (*Cooper v. Leslie Salt Co.* (1969) 70 Cal.2d 627, 636; *Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.)

A plaintiff (or cross-complainant) may make this showing for the first time on appeal. (Code of Civ. Proc. § 472c; *Align Technology, Inc. v. Tran*, *supra*, 179

Cal.App.4th at p. 971.) However, "[t]he assertion of an abstract right to amend does not satisfy [the plaintiff's] burden. [Citation.] The plaintiff must clearly and specifically set forth the 'applicable substantive law' [citation] and the legal basis for amendment, i.e., the elements of the cause of action and authority for it. Further, the plaintiff must set forth factual allegations that sufficiently state all required elements of that cause of action. [Citations]. Allegations must be *factual and specific*, *not vague or conclusionary*." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43-44, italics added.) "Where the appellant offers no allegations to support the possibility of amendment and no legal authority showing the viability of new causes of action, there is no basis for finding the trial court abused its discretion when it sustained the demurrer without leave to amend." (*Id.* at p. 44.)

Such is the situation presented here. Appellant has offered no basis for permitting amendment of her cross-complaint beyond the oblique suggestion that "resolution of the legal issues does not foreclose the possibility that [she] may be able to supply the necessary factual allegations." This vague statement falls far short of the showing appellant must make to obtain reversal for the purpose of amending her cross-complaint.

*Disposition*

The order dismissing the cross-complaint is affirmed.

8

 

 

 

 

 
                       _____

                       ELIA, J.

 

WE CONCUR:

 

 

_____

RUSHING, P. J.

 

 

_____

PREMO, J.

 

 

 

*The 704 Group, LLC et al. v. Hairston*

H40325